JACKIE RAY WALKER, ADMINISTRATOR OF THE ESTATE OF JACKIE RAY WALKER, JR., v. ANNIE YOUNG SPRINKLE AND REGINALD F. SPRINKLE.

(Filed 16 June, 1966.)

**1. Negligence § 36—**

An ordinary outhouse or privy is not an attractive nuisance or an inherently dangerous instrumentality.

**2. Same—**

In order for a person in control of premises to be held liable for injury to a trespassing child of tender years, it must be shown that he maintained a condition dangerous to children on the premises and knew, or should have known, that children were in the habit of playing on the premises and would likely be exposed to the hazards of the dangerous condition maintained by him on said premises and were likely to be injured thereby.

**3. Same—**

The person in control of premises is not an insurer of the safety of children trespassing, and may not be held liable merely because the premises may appeal to the youthful fancies of children, but it is a prerequisite of such liability that it be shown that he failed to take precautions reasonably sufficient to prevent trespass by children, and it is not required that he take precaution against every conceivable danger to which an irrepressible spirit of adventure may lead a child.

**4. Same; Health § 3—**

In the absence of specific allegation, it cannot be held as a matter of law that an ordinary outhouse or privy was not constructed in conformity with G.S. 130-160 and in conformity to rules and regulations promulgated by the State Board of Health.

**5. Negligence § 36—**

This action was instituted to recover for the wrongful death of a three year old child who was drowned on defendant's premises when the child fell into the pit of an outdoor privy maintained by defendants. There was no allegation in the complaint that defendants knew or should have known that the pit in the privy contained water at the time of the accident, nor allegation that defendant knowingly maintained the privy in that condition. *Held:* Nonsuit was proper, since it was not reasonably foreseeable that a child of such tender years would be permitted to trespass on defendants' premises, go into the privy located thereon, climb on the seat and fall into the pit over which the privy had been constructed.

**6. Pleadings § 21.1—**

Upon sustaining a demurrer to the complaint for its failure to state a cause of action, the court should not dismiss the action until plaintiff has had an opportunity to amend.

MOORE, J., not sitting.

APPEAL by plaintiff from *Riddle, Special Judge,* December Civil Session 1965 of VANCE.

This is an action for the wrongful death of Jackie Ray Walker, Jr.

The pertinent allegations of the complaint are stated below.

That at the times alleged in the complaint the defendant Annie Young Sprinkle was the owner of a tenant house and lot located on Elm Street, being lot No. 101 in block No. 5 as shown on the plat of the Harriett Cotton Mills property. This property is in a thickly populated area near the city limits of the City of Henderson. In the neighborhood there were many families having large numbers of small children who habitually played about the streets, on vacant lots and unoccupied premises, there being no parks, playgrounds or recreational facilities available.

Prior to 11 March 1964 the defendant Annie Young Sprinkle rented said premises to a tenant for residential purposes.

In the rear of said dwelling house on said premises there was located an outdoor privy, consisting of a wooden superstructure covering a pit several feet in depth. Enclosed within said structure was a bench or seat into which a hole or holes had been cut, designed for the use of persons answering the call of nature.

On 11 March 1964 there had accumulated in the pit in said privy a substantial quantity of water.

On 11 March 1964 and at all times mentioned in the complaint, the defendant Reginald F. Sprinkle was the agent of the defendant Annie Young Sprinkle in the care and management of the property involved.

For a considerable time prior to 11 March 1964 numerous children habitually played on or about said premises, in the dwelling house and privy.

A short time prior to 11 March 1964, the defendant Reginald F. Sprinkle was warned that children were playing in or about said premises. In consequence of said warning, the defendant Reginald F. Sprinkle secured the entrance to the dwelling house, but did not secure the entrance to the toilet.

On 11 March 1964 the plaintiff's intestate, a child three years of age, who resided across the street, while playing on said premises fell into and was drowned in the pit over which said privy was constructed.

That the death of plaintiff's intestate was caused directly and proximately by the defendants' negligence in the following respects, among others:

"a. The defendants maintained on their premises a privy in violation of the provisions of G.S. 130-160.

"b. The defendants negligently permitted a concealed pit

of water to remain in a thickly populated community where children habitually played, well knowing that such children are attracted to vacant buildings and premises and to explore the same."

The defendants demurred to the complaint on the ground "That the complaint does not state facts sufficient to constitute a cause of action against defendants, in that plaintiff has failed to allege facts sufficient to raise the doctrine of attractive nuisance or to constitute negligent acts or omissions of defendants which were a direct and proximate result of the death of plaintiff's intestate."

The demurrer was sustained and the plaintiff appeals, assigning error.

*Banzet & Banzet for plaintiff.*

*Teague, Johnson & Patterson and Ronald C. Dilthey for defendants.*

DENNY, E.J. The sole question presented for our determination is whether or not the court below committed error in sustaining the defendants' demurrer to the complaint on the grounds hereinabove set out.

The rule with respect to liability in cases of this character was so aptly stated by Connor, J., in the case of *Briscoe v. Lighting and Power Co.*, 148 N.C. 396, 62 S.E. 600, we quote therefrom as follows:

"It must be conceded that the liability for injuries to children sustained by reason of dangerous conditions on one's premises is recognized and enforced in cases in which no such liability accrues to adults. This we think sound in principle and humane in policy. We have no disposition to deny it or to place unreasonable restrictions upon it. We think that the law is sustained upon the theory that the infant who enters upon premises, having no legal right to do so, either by permission, invitation or license or relation to the premises or its owner, is as essentially a trespasser as an adult; but if, to gratify a childish curiosity, or in obedience to a childish propensity excited by the character of the structure or other conditions, he goes thereon and is injured by the failure of the owner to properly guard or cover the dangerous conditions which he has created, he is liable for such injuries, provided the facts are such as to impose the duty of anticipation or prevision; that is, whether under all of the circumstances he should have con-

templated that children would be attracted or allured to go upon his premises and sustain injury."

The outdoor privy has been in common use in this country for centuries and is still used on thousands of premises. We cannot hold that the ordinary outhouse or privy is an attractive nuisance or an inherently dangerous instrumentality: "The courts which have adopted the doctrine of the *Turntable* case have uniformly held that it was not to be extended to other structures or conditions." *Briscoe v. Lighting and Power Co., supra.*

The complaint herein alleges that "on March 11, 1964 there had accumulated in the pit of said privy a substantial quantity of water." There is nothing in the complaint to indicate that the defendants knew or should have known that the pit in the privy contained water on 11 March 1964. Neither is there any allegation that the defendants knowingly maintained the privy in that condition.

In order for a plaintiff to recover for injuries to a child trespasser of tender years, it must be shown that defendant maintained a condition dangerous to children on his premises and knew, or should have known, that children were in the habit of playing on the premises and would likely be exposed to the hazards of the dangerous condition maintained by him on said premises and were likely to be injured thereby. Or, stated another way, "A party's liability to trespassers depends upon the former's contemplation of the likelihood of their presence on the premises and the probability of injuries from contact with conditions existing thereon." 21 Am. and Eng. Enc., 473, cited with approval in *Briscoe v. Lighting and Power Co., supra.*

It would seem from the allegations in the complaint that since there were no parks, playgrounds or recreational facilities available for the children in the neighborhood, the parents sent their children out on the streets, vacant lots and unoccupied premises to play. In the case of *Fitch v. Selwyn Village*, 234 N.C. 632, 68 S.E. 2d 255, we quoted with approval from the opinion in *Peters v. Bowman*, 115 Cal. 345, 47 P. 598, in which the Court said:

" 'The owner of a thing dangerous and attractive to children is not always and universally liable for an injury to a child tempted by the attraction. His liability bears a relation to the character of the thing, whether natural and common, or artificial and uncommon; to the comparative ease or difficulty of preventing the danger without destroying or impairing the usefulness of the thing; and, in short, to the reasonableness and propriety of his own conduct, in view of all surrounding cir-

cumstances and conditions. As to common dangers, existing in the order of nature, it is the duty of parents to guard and warn their children, and, failing to do so, they should not expect to hold others responsible for their own want of care.' "

In the case of *Matheny v. Mills Corp.* and *Erwin v. Mills Corp.*, 249 N.C. 575, 107 S.E. 2d 143, Moore, J., speaking for the Court, said:

"No one is an insurer of the safety of children merely because he is the owner of places that may appeal to their youthful fancies. It is required only that he take reasonable precautions to prevent injury to them. He is not bound to make a trespass by or injury to children impossible. All that is required of him is to take such precautions, by way of erecting guards, providing fences or furnishing other means, as are reasonably sufficient to prevent trespassing by children. He need not take precautions against every conceivable danger to which an irrepressible spirit of adventure may lead a child. * * *.' "

The plaintiff alleges the defendants maintained on their premises a privy in violation of G.S. 130-160, which reads as follows:

"Any person owning or controlling any residence, place of business or place of public assembly shall provide a sanitary system of sewage disposal consisting of an approved privy, an approved septic tank, or a connection to a sewer system, under rules and regulations promulgated by the State Board of Health."

On the pleadings herein it cannot be said the privy involved in this action was not constructed in conformity with the statute and the rules and regulations promulgated by the State Board of Health.

In our opinion it was not reasonably foreseeable that a child of such tender years as plaintiff's intestate would be permitted to trespass upon the defendants' premises, go into the privy located thereon, climb up on the seat therein and fall into the pit over which the privy had been constructed.

As regrettable as the unfortunate death of plaintiff's intestate was, in our opinion the allegations of the plaintiff's complaint do not make out a cause of action for actionable negligence against the defendants.

The demurrer was properly sustained. However, that portion of the judgment entered below dismissing the action is reversed. The

plaintiff may amend the complaint if so advised. Except as herein modified, the judgment below is affirmed.

Modified and affirmed.

MOORE, J., not sitting.