ANDREA D. GREEN, BY HER GUARDIAN AD LITEM, KENNETH R. DOWNS, AND HENRY
FRANK GREEN, PLAINTIFFS v. DUKE POWER COMPANY, A NORTH
CAROLINA CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF v. HENRY
THOMAS EANES AND HOUSING AUTHORITY OF THE CITY OF
CHARLOTTE, NORTH CAROLINA, THIRD-PARTY DEFENDANTS

No. 78A81

(Filed 4 May 1982)

1. **Appeal and Error § 6.2— summary judgment in favor of third party defend-
ants—no right of defendant to immediate appeal**

In an action to recover for injuries received by a five-year-old child when
she touched an allegedly exposed portion of a ground level transformer owned
and maintained by defendant power company on land owned and occupied by
third party defendants wherein defendant power company sought contribution
from the third party defendants, defendant power company did not have a
substantial right to have its claim for contribution determined in the same pro-
ceeding in which its liability to plaintiffs is determined and thus had no right
of immediate appeal from the entry of summary judgments in favor of third
party defendants where the issue in the action for contribution is whether
third party defendants violated a duty of care to plaintiffs; the issue in the
principal case is whether defendant power company independently violated a
separate and unrelated duty of care to plaintiffs; plaintiffs advanced no allega-
tions of joint or concurring negligence; and whether third party defendants are
liable to plaintiffs is therefore in no way dependent upon the resolution of the
issue of defendant power company's liability to plaintiffs.

2. **Negligence § 51— transformer maintained by power company—injury to
child—owner and occupant of land not liable under attractive nuisance doctrine**

The owner and occupant of land were not liable under the attractive
nuisance doctrine for injuries received by the five-year-old plaintiff when she
touched an exposed electrified portion of a ground level transformer owned
and maintained by a power company on their land, even if they knew of the
dangerous condition of the transformer, where the transformer was placed on
the land by the power company pursuant to a valid easement; the power com-
pany expressly bound itself in the instrument granting the easement to main-
tain the transformer in a proper manner; the power company had the sole duty
to keep safe the transformer; and neither the owner nor the occupant of the
property on which the transformer was located had the right to deny access to
the transformer or to remedy the dangerous condition of the device. Even if
sound public policy would require the imposition of a duty upon the owner and
occupant to take steps reasonably calculated to prevent injury from the
transformer, that duty was met when the occupant warned plaintiff to stay
away from the transformer because she might get hurt.

Justice MITCHELL did not participate in the consideration or decision of
this case.

APPEAL by third party plaintiff Duke Power Company from the decision of the Court of Appeals (*Wells, J.,* with *Arnold* and *Martin (R.M.), JJ.,* concurring) dismissing Duke's appeal from summary judgments entered by *Burroughs, J.,* at the 11 February 1980 Schedule B Session of MECKLENBURG Superior Court (in favor of third party defendant Housing Authority of the City of Charlotte) and at the 18 February 1980 Administrative Session of MECKLENBURG Superior Court (in favor of third party defendant Henry Thomas Eanes). The case was argued in the Supreme Court as No. 78, Fall Term 1981.

Plaintiffs Green brought this action to recover from Duke Power for injuries received when plaintiff Andrea Green, then aged five years, touched an allegedly exposed electrified portion of a ground-level pad-mounted transformer owned and maintained by Duke on land owned by the Housing Authority and leased by Henry Thomas Eanes. Plaintiffs contend that Duke was negligent in failing to keep the box locked. Duke denied any knowledge that the box was unlocked.

During discovery Henry Thomas Eanes, whose residence was located upon the same lot upon which Duke maintained its transformer pursuant to an easement from Housing Authority, was deposed concerning his knowledge of the events surrounding the injuries to Andrea Green. Eanes testified on deposition that he had known that the transformer was unlocked for some time prior to the injury. He testified that on several occasions both he and his wife had found children playing on the transformer and had chased them away, explaining that it was a dangerous place to play. He further testified that he had twice telephoned Duke, notifying the person who answered the telephone on behalf of Duke that the transformer was open, that children were playing on it, and that he feared the children would be hurt. He stated that on both occasions he was assured that Duke would send someone out to the property to attend to the matter. He also testified that he had telephoned the Housing Authority to inform it of the dangerous condition of the transformer.

Duke thereupon filed a third party complaint alleging that Eanes knew and Housing Authority either knew or should have known of the hazardous condition of the transformer. Duke sought contribution from Eanes and Housing Authority based

upon their alleged joint liability for failing "to take any action to secure or otherwise lock said transformer box prior to the time of the accident."

After further discovery, during which Duke denied having any record of the alleged telephone calls from Eanes, both third party defendants moved for summary judgments. Third party plaintiff, Duke Power Company, appealed the entry of summary judgments in favor of both third party defendants.

These judgments did not contain a certification pursuant to G.S. 1A-1, Rule 54(b), that there was "no just reason for delay" and the trial court refused to stay the trial of the principal case pending Duke's appeal on its third party claim. A three-member panel of the North Carolina Court of Appeals, however, granted a writ of supersedeas, N.C. Rules App. Proc., Rule 23, to stay the trial pending the appeal. After considering the records, the briefs of the parties, and oral arguments, a different panel of the Court of Appeals filed an opinion, reported at 50 N.C. App. 646, 274 S.E. 2d 889 (1981), deciding that Duke had no right of immediate appeal and unanimously holding that the appeal be dismissed and the supersedeas dissolved.

We granted discretionary review under G.S. 7A-31 to consider the propriety of the Court of Appeals' dismissal of Duke's action.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William I. Ward, W. Edward Poe, Jr., William E. Poe, and Irvin W. Hankins, III, for Duke Power Company.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe, for appellee Eanes.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for Housing Authority of the City of Charlotte.*

BRANCH, Chief Justice.

I

[1] The first issue before this Court is whether the Court of Appeals erred in dismissing appellant Duke Power's appeal of the summary judgment granted in favor of third party defendants

Eanes and Housing Authority. For the reasons stated below, we find no error.

Appellant's sole ground of appeal is the contention that the granting of third party defendants' motions for summary judgment affected a substantial right. Both G.S. 1-277 and G.S. 7A-27 (d) provide for immediate appeal of a judicial order or determination that affects a substantial right. Duke insists that it had a substantial right to have its claim for contribution from Eanes and Housing Authority determined in the same proceeding in which Duke's liability to Green is determined. *Cf. Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976).

As we noted in *Bailey v. Gooding,* 301 N.C. 205, 210, 270 S.E. 2d 431, 434 (1980), "[t]he 'substantial right' test for appealability is more easily stated than applied." *See also Waters v. Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). One writer, in seeking to formulate a rule based on our decisions in these cases, has concluded:

> The right to avoid one trial on the disputed issues is not normally a substantial right that would allow an interlocutory appeal, while the right to avoid the possibility of two trials on the same issues can be such a substantial right.

*Survey of Developments in N.C. Law, 1978,* 57 N.C.L. Rev. 827, 907-08 (1979); *quoted with approval in,* W. Shuford, N.C. Civil Practice & Procedure § 54-5 (2nd Ed. 1981). We adhere to our earlier statement that "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal was sought is entered." *Waters v. Personnel, Inc.,* 294 N.C. at 208, 240 S.E. 2d at 343. However, we are of the opinion that the above statement constitutes, as the author suggests, only "a general proposition tnat in many circumstances should be helpful in analyzing the substantial right issue." *Survey, supra,* 57 N.C.L. Rev. at 907.

In instant case, the issue in the action for contribution is whether Eanes and Housing Authority violated a duty of care to plaintiff Green. The issue in the principal case is whether Duke independently violated a separate and unrelated duty of care to plaintiff. Plaintiff has advanced no allegations of joint or concur-

ring negligence. Thus, whether third party defendants are liable to plaintiff Green is in no way dependent upon the resolution of the issue of Duke's liability to Green. The resolution of these ultimate issues does not depend upon similar factual issues or similar proof.

We hold that no substantial right would be lost by Duke's inability to take an immediate appeal from the summary judgment against it. If Duke were to win in the principal action, Duke would have no right to appeal. G.S. 1-271 (only an aggrieved party may appeal). If Duke were to lose, its exception to the entry of summary judgment would fully and adequately preserve its right to thereafter seek contribution.

Under other circumstances third party defendants might be free at a subsequent trial to deny Duke's liability to plaintiffs Green, leaving the jury in the contribution trial free to find that Duke was not liable to plaintiffs Green despite a finding by a different jury in the principal case that Duke was liable. Such might be the case, for example, if third party defendants had never been brought into the principal action, or if, upon being impleaded, they had asserted as a defense to Duke's third party complaint that Duke was not liable in negligence to plaintiffs Green. We are faced with neither of these situations herein. The answers in instant case have already been filed. Both third party defendants alleged in their answers that "the active and primary negligence of Duke Power Company is pleaded in bar of Duke Power Company's claim for contribution from this defendant." Neither asserted in the alternative that Duke was not liable to plaintiffs Green for negligence. A party will ordinarily be bound by his pleadings. *Watson v. Clutts*, 262 N.C. 153, 136 S.E. 2d 617 (1964); *Davis v. Rigsby*, 261 N.C. 684, 136 S.E. 2d 33 (1964). We are aware, of course, that leave to amend the pleading "shall be freely given when justice so requires," G.S. 1A-1, Rule 15; however, third party defendants herein have failed to assert this defense and have voluntarily foregone their opportunity in the principal action to disprove Duke's liability. The interests of justice in instant case would preclude the granting of leave to amend the pleadings to include this new defense at this late date. Thus, although Duke could be forced to undergo a full trial on the issue of its liability to Green followed by a full trial on the issue of Eanes' and Housing Authority's liability to Green, under the cir-

cumstances of the case there are no overlapping issues so as to justify an immediate appeal of an interlocutory order.

The avoidance of one trial is not ordinarily a substantial right. *Bailey v. Gooding,* 301 N.C. at 210, 270 S.E. 2d at 434; *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 492, 251 S.E. 2d 443, 447-48 (1979); *Waters v. Personnel, Inc.,* 294 N.C. at 208, 240 S.E. 2d at 344. *See also Survey, supra,* 57 N.C.L. Rev. at 907. We agree that "the right to avoid the possibility of two trials *on the same issues* can be . . . a substantial right." *Survey,* 57 N.C.L. Rev. at 908. (Emphasis added.) Such is not the case here. The possible second trial in instant case would not involve *the same issues* and therefore would not warrant immediate appeal. Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue. This not being the case before us, we hold the Court of Appeals' dismissal of Duke's appeal was without error.

II

[2]    All parties to this appeal have requested that we consider the merits of the case, pointing to the fact that this matter has been in the courts since 1978.

In order to expedite the administration of justice, we elect, pursuant to our supervisory authority and the provisions of G.S. 7A-31, to review the decision of the trial judge granting summary judgment in favor of third party defendants Eanes and Housing Authority. *See Consumers Power v. Power Co.,* 285 N.C. 434, 439, 206 S.E. 2d 178, 182 (1974).

G.S. 1B-1(a) provides that "where two or more persons become jointly or severally liable in tort for the same injury . . . there is a right of contribution among them." Appellant Duke Power Company claims contribution upon appellees' alleged liability to plaintiffs Green under the so-called attractive nuisance doctrine. *See Walker v. Sprinkle,* 267 N.C. 626, 148 S.E. 2d 631 (1966); *Brannon v. Sprinkle,* 207 N.C. 398, 177 S.E. 114 (1934).

The rule governing liability in this case is aptly stated in the leading case of *Briscoe v. Lighting and Power Co.,* 148 N.C. 396, 411, 62 S.E. 600, 606 (1908), wherein this Court stated:

It must be conceded that the liability for injuries to children sustained by reason of dangerous conditions on one's premises is recognized and enforced in cases in which no such liability accrues to adults. This we think sound in principle and humane policy. We have no disposition to deny it or to place unreasonable restrictions upon it. We think that the law is sustained upon the theory that the infant who enters upon premises, having no legal right to do so, either by permission, invitation or license or relation to the premises or its owner, is as essentially a trespasser as an adult; but if, to gratify a childish curiosity, or in obedience to a childish propensity excited by the character of the structure or other conditions, he goes thereon and is injured by the failure of the owner to properly guard or cover the dangerous conditions which he has created, he is liable for such injuries, provided the facts are such as to impose the duty of anticipation or prevision; that is, whether under all of the circumstances he should have contemplated that children would be attracted or allured to go upon his premises and sustain injury.

Appellant Duke relies on the deposition statement of third party defendant Eanes that he knew of the dangerous condition of the transformer and that he had informed third party defendant Housing Authority of the transformer's condition to argue that the owner (Housing Authority) and the occupier (Eanes) of land may be held liable for the injuries to young Green. Duke cites several cases which have held landowners liable under the attractive nuisance doctrine for injuries to children resulting from dangerous conditions on the landowner's property, known to the owner but which he neither created nor maintained. We believe these cases are distinguishable in that, while the defendants therein did not create or maintain the dangerous conditions on their land, they "knowingly suffered [the dangerous conditions] to continue." *Benton v. Montague*, 253 N.C. 695, 704, 117 S.E. 2d 771, 777 (1961). Such is not the case before us.

Appellant Duke Power Company cites two New Jersey cases for the proposition that:

If an artificial condition exists upon the land, of which the landowner or occupier has knowledge, and which reasonable men may recognize as having propensities for causing an

unreasonable risk of harm to infant trespassers, then it makes no difference whether the condition was created by third persons or by the defendant himself.

*Simmel v. New Jersey Coop. Co.*, 28 N.J. 1, 10, 143 A. 2d 521, 526 (1958); *see also Lorusso v. De Carlo*, 48 N.J. Super. 112, 136 A. 2d 900 (1957). The *Simmel* court made clear, however, that the actual knowledge of a landowner of the existence on his property of a dangerous condition created by a third party was significant because it indicated "toleration or sufferance of, or acquiescence in, the acts of others . . . . " 28 N.J. at 11, 143 A. 2d at 526. Both of these New Jersey cases involved fires set on a landowner's property by third persons. Infant trespassers were injured in both fires. We believe the courts in those cases reasoned properly in deciding in each that the landowner, if he had actual knowledge of the fire, should have extinguished it, and failure to do so indicated a "toleration or sufferance of, or acquiescence in" the existence of the dangerous condition on his property. These cases are distinguishable in that defendants therein appear to have been free to extinguish the fires. There was no indication in either case that the third party who set the fire had any right or authority to maintain a fire on the defendant's property absent defendant's (express or implied) approval. Duke's legal right by easement to maintain a transformer on third party defendant's property removes this case from the fact situation faced in *Simmel* and *Lorusso*.

The case of *Haddad v. First National Stores, Inc.*, 109 R.I. 59, 280 A. 2d 93 (1971), is also distinguishable. That case centered upon the injury to a child playing with a shopping cart left on a supermarket parking lot. Certainly the store would have been within its rights to have removed its carts from its own lot. Third party defendants in instant case were not free to remove the transformer from their property under the terms of Duke's easement.

We believe that the dispositive issue in this case is not whether Housing Authority and Eanes knew of the dangerous condition of the transformer, but whether they can be said to have "suffered it to continue," *Benton v. Montague*, 253 N.C. at 704, 117 S.E. 2d at 777, *i.e.*, tolerated or acquiesced in it. *Cf. Simmel v. New Jersey Coop. Co.*, 28 N.J. at 11, 143 A. 2d at 526. We think not.

In instant case, neither the owner nor the occupier of the property on which the transformer was located had the right to deny access to the transformer or to remedy the dangerous condition of the device. The transformer was the sole property of appellant Duke Power. It was placed on the premises pursuant to a valid easement the terms of which granted to Duke "the right, privilege and easement . . . to construct, maintain and operate [thereon] . . . transformers . . . together with the right at all times to enter said premises . . . . " Any interference or tampering with Duke's transformer would clearly encroach upon the rights granted to Duke by the easement. Likewise, locking or fencing the transformer would impair Duke's access to it and would be inconsistent with the terms of the easement. It was not reasonably practical for the owner of the realty, Housing Authority, or the occupier, Eanes, to prevent access to the transformer or to render it harmless.

This view is in accord with the general rule that "[i]t is not only the right but the duty of the owner of an easement to keep it in repair; the owner of the servient tenement is under no duty to maintain or repair it, in the absence of an agreement therefor.", 25 Am. Jur. 2d *Easements and Licenses* § 85 (1966), and cases cited therein; *see also Rose v. Peters*, 59 Cal. App. 2d 833, 139 P. 2d 983 (1943); *Nixon v. Welch*, 238 Iowa 34, 24 N.W. 2d 476 (1946). Another rule follows from the first; viz. "If the character of the easement is such that a failure to keep it in repair will result in injury to the servient estate or to third persons, the owner of the easement will be liable in damages for the injury so caused." 28 C.J.S. *Easements* § 94 c (1941) and cases cited therein; *see also Richardson v. Kier*, 34 Cal. 63, 91 Am. Dec. 681 (1867); *Wells v. North East Coal Co.*, 274 Ky. 268, 118 S.W. 2d 555 (1938); *Swingler v. Robinson*, 321 S.W. 2d 29 (Mo. App. 1959).

This Court in the past has recognized that the owner of the easement is the party to be charged with its maintenance. *Richardson v. Jennings*, 184 N.C. 559, 114 S.E. 821 (1922). We hold that Duke Power Company had the *sole* duty to keep safe the transformer which was Duke's sole property. Duke had expressly bound itself to "maintain [the transformer] . . . in a proper manner" in the instrument granting to Duke the easement and pursuant to which the transformer had been erected. We are of the opinion that the knowledge of third party defendants is irrelevant

Green v. Duke Power Co.

to the question of their liability where, as here, the third party defendants had no control over the transformer. In so doing we follow the well-reasoned holding of the Hawaii Supreme Court that in such cases "it is the control and not the ownership which determines the liability." *Levy v. Kimball,* 50 Haw. 497, 499, 443 P. 2d 142, 144 (1968). *Accord Benton v. Montague,* 253 N.C. at 703, 117 S.E. 2d at 777, *quoting* 2 Harper & James, The Law of Torts § 27.19 at 1526 (1956) ("It is not enough . . . to show that the third person's conduct foreseeably and unreasonably jeopardized plaintiff. Plaintiff must also show that the occupier . . . *had a reasonable opportunity to prevent or control such conduct.*") (Emphasis added.)

Since the duty was Duke's, the only obligation to act was Duke's, and the only possible liability in this case is Duke's alone. The granting of summary judgment for third party defendants, Eanes and Housing Authority, was proper.

Third party defendants clearly had no duty to Duke to apprise it of its potential liability for the dangerous condition of its transformer. Neither does it follow that such notification would have *necessarily* resulted in Duke's discharging of its duty to plaintiff to render the transformer safe, although it may be said that such notification would be reasonably calculated to prevent the injury.

Even assuming *arguendo,* however, that sound public policy would require the imposition of a duty upon third party defendants to take steps reasonably calculated to prevent injury, we are of the opinion that the materials before the trial court on the motion for summary judgment forecast uncontroverted evidence that such an effort was made. The deposition of third party defendant Henry Thomas Eanes was offered by third party plaintiff Duke as a basis for the denial of the motion for summary judgment. Eanes' testimony was that he had seen plaintiff Angela Green playing with other children on the unlocked transformer and had told them to stay away from it because someone would get hurt. He testified that they heeded his warning and left. "I told that little Angela . . . one time and I never did see Angela get back on there until she got hurt." Duke offered no materials that would impeach or contradict Eanes' testimony on this point.

This Court has held that summary judgment may be entered on the basis of testimonial evidence of an interested party (1) when there are only latent doubts as to the witness's credibility (i.e., doubts stemming from the witness's status as an interested party); (2) when the opposing party has failed to present materials in opposition, failed to point to specific areas of impeachment and contradiction, and failed to utilize Rule 56(f); and (3) when summary judgment is otherwise appropriate. *Kidd v. Early,* 289 N.C. 343, 370, 371, 222 S.E. 2d 392, 410, 411 (1976). Applying the above rule to instant case, if Duke's success in its third party action depended upon its proof at trial that third party defendants violated a duty to take steps reasonably calculated to prevent injury, then the uncontradicted deposition testimony that Eanes warned Angela Green to stay away from the transformer established the lack of a genuine issue as to that material fact. G.S. 1A-1, Rule 56(c); *Kidd v. Early, supra.* Whether in addition to warning Angela to stay away from the box, Eanes also called Duke to notify it of the condition of the transformer is thus rendered immaterial. We are of the opinion that, as a matter of law, by warning Angela he took action reasonably calculated to prevent her injury. This uncontradicted evidence establishes the discharge of any minimal duty that could fairly be imposed upon these defendants.

The decision of the Court of Appeals dismissing Duke's appeal was proper. On the merits of this case, we affirm the trial judge's granting of summary judgment for the third party defendants, Eanes and Housing Authority.

Affirmed.

Justice MITCHELL did not participate in the consideration or decision of this case.