WALLACE T. PORTER AND WIFE, POLLY P. PORTER, PLAINTIFFS v. MATTHEWS ENTERPRISES, INC. AND VAN MATTHEWS, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. R. K. ADAMS AND L.A.B., INC. THIRD-PARTY DEFENDANTS

No. 8212SC624

(Filed 5 July 1983)

1. **Contracts § 21.2— breach of contract to move building—summary judgment improper**

Affidavits on the part of third-party defendant house movers accomplished no more than to elaborate on the defenses raised by them in their answer, and did not entitle them to judgment as a matter of law on third-party

plaintiff's breach of contract claim that the house movers failed to complete the terms of their contract when the building they were to move collapsed.

**2. Negligence § 2— negligence in moving building—summary judgment improper**

Based upon third-party defendants' representations as to their experience, expertise, and capability to move a building, such defendants were under a duty to third-party plaintiffs to protect the building from harm while it was in their care. Thus, the trial court erred in entering summary judgment for third-party defendants since third-party plaintiffs forecasted sufficient evidence to withstand the motion for summary judgment on their claim of negligence.

APPEAL by defendants Matthews Enterprises, Inc., and Van Matthews from *Herring, Judge.* Summary judgment entered 1 March 1982 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 21 April 1983.

Defendants agreed to purchase a shop building from plaintiffs and to remove the building from its location, as plaintiffs were selling the land on which the building was located. Plaintiffs commenced this action to recover $8,850.00 in actual damages and $8,850.00 in punitive damages of defendants for defendants' alleged failure to remove the building. Defendants answered, denying liability and asserting defenses and a counterclaim. By their counterclaim, defendants asserted that plaintiffs had fraudulently misrepresented that the building could be moved and that plaintiffs were liable to defendants for $15,117.00 in actual damages and $25,000.00 in punitive damages.

Defendants, as third-party plaintiffs, filed a verified complaint against third-party defendants, alleging two causes of action. In their first claim for relief, third-party plaintiffs, in summary, alleged that they entered into a contract with third-party defendants to remove the building from its original location to another place; that defendant R.K. Adams, acting for himself and as agent for defendant L.A.B., Inc., represented and warranted to third-party plaintiff that Adams had thoroughly inspected the building, that he possessed the requisite skill and ability to remove the building to its new location in such a manner as not to damage the building; that third-party defendants failed to properly prepare the building before attempting to move it, and that as a result of that failure, when third-party defendants attempted to move the building, it collapsed; and that as a result of third-party defendants' "negligence and failure to com-

plete the terms of the contract" third-party plaintiffs suffered damages.

In their second claim for relief, third-party plaintiffs alleged, in summary, that third-party defendant Adams, acting for himself and as agent for defendant L.A.B., Inc., made the representation to third-party plaintiffs that the building could be successfully moved; that Adams made this representation without first having taken reasonable steps to insure that such representations were truthful; that Adams made his representation recklessly when he knew or should have known that such representation was false; that Adams' act was fraudulent; that Adams intended to deceive third-party plaintiffs and to induce third-party plaintiffs to rely on such representations; that such representations were materially false; that third-party plaintiffs reasonably relied on such representation; and that, because of such circumstances, third-party plaintiffs were damaged.

Third-party defendants answered, denied all essential allegations, and as an additional defense, alleged that defendant Adams, together with third-party plaintiff Van Matthews, made a visual inspection of the building "and there was no apparent defect"; that when the building was moved a few inches off the ground, it collapsed because the wall sections were put together with staples instead of nails; and that such latent defects, being unknown to third-party defendants, were the cause of the collapse of the building.

Third-party defendants moved for summary judgment as to defendants' third-party claim. The trial judge, upon reviewing the verified pleadings and the affidavits offered by third-party defendants, found that there was no genuine issue of material fact as to either of defendants' third-party claims and granted summary judgment in favor of third-party defendants. Defendants, as third-party plaintiffs, appealed.

*Hutchens & Waple, P.A., by H. Terry Hutchens, for appellants.*

*A. Maxwell Ruppe for appellee.*

Porter v. Matthews Enterprises

WELLS, Judge.

The first issue we must decide is whether defendants' appeal is premature. G.S. 1A-1, Rule 54(b) of the Rules of Civil Procedure provides:

(b) *Judgment upon multiple claims or involving multiple parties.—*

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

It is clear that the judgment from which defendant has appealed adjudicated fewer than all of the claims in this case and was final as to less than all of the parties. It is also clear that in his judgment, the trial judge did not certify that there was no just reason for delay. Under such circumstances, an appeal will not lie unless the judgment affects a "substantial right" under either G.S. 1-277 or 7A-27(d). *See Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980). In *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E. 2d 593 (1982), our Supreme Court held that the right to avoid separate trials on separate issues is not such a "substantial right." As noted by the Court in *Green*, "the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by

different juries in separate trials rendering inconsistent verdicts on the same factual issue." Although it is not reflected in the record proper, in their statement of the case in their brief, third-party plaintiffs assert that at the term of court following entry of summary judgment against them, judgment was entered against them in favor of plaintiffs Wallace T. and Polly P. Porter in the sum of $6,000.00. In their brief, defendants do not contest this statement, and we therefore accept it as correctly reflecting the status of this case. Under these circumstances, third-party plaintiffs' only remaining rights in this action are at stake in this appeal and the entry of summary judgment against them is therefore appealable under G.S. 1-277(a) and G.S. 7A-27(d).

The rules and principles under which summary judgment may be properly entered are well-established and need not be repeated here. *See generally Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982); *and McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972).

[1] To begin our analysis, we must determine the nature of third-party plaintiffs' claims against third-party defendants. The first claim is obviously for breach of contract and requires no further analysis or discussion. In support of their motion, third-party defendants offered the affidavits of four persons: R. K. Adams, R. K. Adams, Jr., Steve Turbeville, and Bruce Motz. In his affidavit, Adams stated, in summary, that he had been in the house-moving business for 15 years; that he had moved several thousand houses, including several hundred located on concrete slabs, as was the building he attempted to move for third-party plaintiffs; that "never before has a building collapsed when it was being moved"; that his company not only had the training and experience to move houses, but all the necessary equipment; that when approached by Van Matthews, he examined the building as fully as possible and saw no apparent defect or signs of instability. Adams further testified that when his crew attempted to move the building it collapsed; that it was only after the collapse that it was discovered that the wall sections of the building had been fastened together with staples instead of nails; and that this unstable condition could not have been detected by visual examination of the building.

R. K. Adams, Jr., Turbeville, and Motz, in their affidavits, stated that they attempted to move the building, described the equipment and methods used by them, and described the condition of the building before the attempted move and its collapse while they were attempting to move it.

The foregoing representations on behalf of third-party defendants accomplished no more than to elaborate on the defenses raised by them in their answer, and do not entitle them to judgment as a matter of law on the breach of contract claim. The probative value of all of these statements depends upon the credibility of the affiants, and the question of credibility is for the trier of fact. Third-party defendants' mere assertions that they were not on notice of any defect in the building, that they could not have known of any defect, and that the building's construction was what caused it to collapse, did not establish those matters conclusively as to entitle third-party defendants to summary judgment. There remain in this case genuine issues of material fact as to third-party plaintiffs' first claim.

[2]  Third-party plaintiffs' second claim raises more difficult questions. Ordinarily, an action in tort may not be founded on a failure by one party to a contract to carry out a contractual duty to another party to the contract. *See* 86 C.J.S. Torts, Sections 1-3; *see also Pinnix v. Toomey*, 242 N.C. 358, 87 S.E. 2d 893 (1955); *compare Ports Authority v. Roofing Co.*, 294 N.C. 73, 240 S.E. 2d 345 (1978). In *Ports Authority*, our Supreme Court recognized a number of exceptions to this general rule, one of them being where

> The injury, proximately caused by the promisor's negligent, or wilful, act or omission in the performance of his contract, was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper or other bailee. *See: Insurance Co. v. Parker*, 234 N.C. 20, 65 S.E. 2d 341 (1951) (automobile stolen from a parking lot inviting public patronage).

The duty of third-party defendants in this case was closely analogous to those duties under a contract of bailment. Based

upon third-party defendants' representations as to their experience, expertise, and capability to move the building, defendants were under a duty to third-party plaintiffs to protect the building from harm while it was in their care. Thus, we hold that third-party plaintiffs have forecasted sufficient evidence to withstand third-party defendants' motion for summary judgment as to their second claim. Third-party defendants' affidavits, as we have noted earlier, do no more than raise a defense against such a claim and do not establish such defense as a matter of law. *See Mims v. Mims*, 305 N.C. 41, 286 S.E. 2d 779 (1982).

For the reasons stated, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges BECTON and EAGLES concur.