ROBERT TIMBERLAKE NEWCOMB, III, SCOTT D. NAFE, GARY T. DAVIS, AND WIFE, KAREN J. DAVIS, AND PELHAM JONES, Plaintiffs v. COUNTY OF CARTERET, UNITED STATES OF AMERICA, GEORGE BROWN, JULIAN M. BROWN, JULIAN BROWN, JR., EARL CHADWICK, TEMPLE CHADWICK, GLORIA DAVIS, RANDY FRYE, NORMAN FULCHER, JOE O'NEAL GARNER, ROBERT GUTHRIE, SAMMY GUTHRIE, GRAY HARRIS, MAUREEN HARRIS, MYRON HARRIS, TAMMY HILL, DAVID N. JONES, LARRY KELLUM, LARRY KELLUM, JR., ROBERT KITTRELL, LEE LAWRENCE, D.A. LEWIS, JEFF LEWIS, MARK LEWIS, THOMAS LEWIS, DENISE LEWIS, LUKE MIDGETT, RANDY STEVE MILAM, JR., LARRY MOORE, CHARLES NEWKIRK, CRAIG NEWKIRK, BECKY PAUL, THE ANNIE PINER FAMILY LIMITED PARTNERSHIP, ROSALIE CHADWICK PINER, TIMMY POTTER, NINO GIOVANNI PUPATTI, LUTHER ROBINSON, KENNY RUSTICK, THOMAS ALLEN SMITH, THOMAS ALLEN SMITH, JR., JEFFREY TAYLOR, SAMUEL THOMAS, CYNTHIA THOMAS, SUSANNE WHITE, KEVIN WILLIAMSON, SONNY WILLIAMSON, MELVIN WILLIS, TERRY WILLIS, ROBERT WAYNE WORKMAN, JR., Defendants

No. COA06-1202

(Filed 1 May 2007)

**Appeal and Error— appealability—denial of motion to dismiss—failure to identify substantial right**

Defendants' appeal from the denial of their motion to dismiss plaintiffs' complaint in a declaratory judgment action, seeking the court to declare the rights of the parties with respect to the pertinent easements, is dismissed as an appeal from an interlocutory order because defendants failed to identify a substantial right that would be lost absent immediate appellate review.

**NEWCOMB v. COUNTY OF CARTERET**

[183 N.C. App. 142 (2007)]

Appeal by defendants from order entered 28 April 2006 by Senior Resident Superior Court Judge Benjamin G. Alford in Carteret County Superior Court. Heard in the Court of Appeals 29 March 2007.

*Ward and Smith, P.A., by Ryal W. Tayloe, for plaintiffs-appellees Scott D. Nafe, Gary T. Davis, Karen J. Davis, and Pelham Jones.*

*Harvell & Collins, P.A., by Wesley A. Collins, for plaintiffs-appellees Robert Timberlake Newcomb, IV, Gary T. Davis, Karen J. Davis, and Pelham Jones.*

*Chesnutt, Clemmons & Peacock, P.A., by Gary H. Clemmons, for defendants-appellants George Brown, Julian M. Brown, Julian M. Brown, Jr., Earl Chadwick, Temple Chadwick, Randy Frye, Norman Fulcher, Joe O'Neal Garner, Robert Guthrie, Sammy Guthrie, Maureen Harris, Tammy Hill, Larry Kellum, Larry Kellum, Jr., Robert Kittrell, Lee Lawrence, D.A. Lewis, Jeff Lewis, Mark Lewis, Thomas Lewis, Denise Lewis, Luke Midgett, Randy Steve Milam, Jr., Larry Moore, Charles Newkirk, Craig Newkirk, Becky Paul, Timmy Potter, Nino Giovanni Pupatti, Luther Robinson, Kenny Rustick, Thomas Allen Smith, Thomas Allen Smith, Jr., Jeffrey Taylor, Kevin Williamson, Sonny Williamson, Melvin Willis, Terry Willis, and Robert Wayne Workman, Jr.*

*Wheatly, Wheatly, Weeks, Valentine & Lupton, P.A., by C.R. Wheatly, III, for defendant-appellee County of Carteret.*

LEVINSON, Judge.

Defendants appeal from the denial of their motion to dismiss plaintiffs' complaint. We dismiss as interlocutory.

Marshallberg is a coastal town in Carteret County, North Carolina. The Marshallberg harbor is a small boat harbor whose waters flow into Sleepy Creek, which in turn flows into Core Sound adjacent to the Atlantic Ocean. The harbor was built approximately fifty years ago by dredging an area of Marshallberg next to Sleepy Creek. In 1956 and 1957 property owners adjoining the proposed harbor area granted an easement to Carteret County, allowing county employees access to their properties in order to build and maintain the harbor. The property owners also granted a perpetual easement to an area at one end of the harbor, allowing the county to construct a public boat landing there, and Carteret County granted an easement

to the United States of America, allowing federal employees to work on the project.

For fifty years after the harbor was built, townspeople built docks along the waterfront, moored boats at these docks, and accessed their docks via harborfront properties. In recent years, conflict has arisen about this local practice, and about the respective rights of the general public, the harbor's waterfront property owners, and local fishermen who have docked fishing boats at docks built in front of the waterfront property owners' land.

Plaintiffs are the present owners of waterfront property along Marshallberg harbor. On 26 July 2005 plaintiffs filed a declaratory judgment action against defendants. Their complaint identified several groups of defendants, including a group designated in "Exhibit B" as defendants who owned no harborfront property. The parties to the present appeal consist of the defendants listed in plaintiffs' "B" group. Plaintiffs sought: (1) a judgment declaring the rights conveyed by the easements; (2) a declaration that plaintiffs have certain riparian rights subject only to the easements; and (3) an injunction barring defendants from trespassing on their property, except as permitted under the easements.

Following the filing of plaintiffs' complaint, answers were filed by defendants Carteret County, David Jones, Susanne White, Gloria Davis, Samuel and Cynthia Thomas, and the United States, each generally asking the trial court to declare the rights of the parties with respect to the easements. On 23 September 2005 defendants/appellants filed an answer and moved to dismiss plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) for lack of subject matter jurisdiction; and under 12(b)(6) for failure to state a claim for relief. On 24 April 2006 plaintiffs moved to amend their complaint. Following a hearing conducted 1 March 2006, the trial court on 28 April 2006 entered an order denying defendants' motion to dismiss, and denying plaintiffs' motion to amend their complaint. From this order defendants appeal.

### Right to Appeal

The dispositive issue is whether appellants have a right to immediate review of the trial court's denial of their motion to dismiss. They do not.

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2005).

"An order or judgment is merely interlocutory if it does not determine the issues but directs some further proceeding preliminary to final decree." *Greene v. Charlotte Chemical Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). In the instant case, it is undisputed that defendants appeal from an interlocutory order.

"There is generally no right to appeal an interlocutory order." *Gregory v. Penland*, 179 N.C. App. 505, 509, 634 S.E.2d 625, 628 (2006). "However, interlocutory orders are immediately appealable if 'delaying the appeal will irreparably impair a substantial right of the party.'" *Hayes v. Premier Living, Inc.*, 181 N.C. App. ——, ——, 641 S.E.2d 316, —— (2007) (quoting *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999)).

"A party's right to avoid separate trials of the same factual issues may constitute a substantial right." *Nello L. Teer Co. v. Jones Bros.*, 182 N.C. App. ——, ——, —— S.E.2d ——, —— (COA06-340, filed 20 March 2007) (citing *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982)). "This Court has interpreted *Green* as creating a two-part test requiring that a party show '(1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.'" *Id.* (quoting *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 735-36, 460 S.E.2d 332, 335 (1995)). "The test is satisfied when overlapping issues of fact between decided claims and those remaining create the possibility of inconsistent verdicts from separate trials." *CBP Resources, Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 172, 517 S.E.2d 151, 154 (1999) (citation omitted).

Defendants assert that without immediate review of the trial court's denial of their motion to dismiss they face the possibility of inconsistent verdicts on the same factual issue. We disagree.

Plaintiffs filed a declaratory judgment action seeking interpretation of the scope of certain easements. Defendants contend that, after the trial court determines the parties' rights as defined in the easements, a future tribunal in a hypothetical future proceeding might rule that rights granted by the easements differ from the rights granted by a different legal source. Such a result would not be an "inconsistent verdict," but merely a reflection of the fact that one's rights in a given situation are often determined by reference to more than one statute, rule, or other legal source of rights. Moreover, the possibility, if any, of inconsistent verdicts rests upon the speculation that there will be further litigation between the parties.

For the reasons discussed above, we conclude that defendants have failed to identify a substantial right that will be lost without immediate review of the trial court's order, and that their appeal should be

Dismissed.

Judges BRYANT and STEELMAN concur.