STEELMAN, Judge.
Plaintiffs' appeal from an interlocutory order that does not affect a substantial right is dismissed.
I. Factual and Procedural Background
On 23 June 2014 Kaitlin Sheppard (Sheppard) and her mother, Kimberly Buckner (Buckner), (plaintiffs) filed an amended complaint against the Winston-Salem/Forsyth County Board of Education (defendant). The complaint alleged that "[o]n December 1, 2010, 27-year old Herman Blount [ (Blount) ], Adult Male Athletic Trainer at Carver High School ... engaged in sexual intercourse on the premises at Carver High School with Kaitlin Sheppard, a female student athletic trainer and 16 year old minor at the time" and that "[f]or this illegal sex act, Blount was charged with the felony of sexual offense with a student [,] ... pled guilty to this felony, and was ... sentenced to 10 to 12 months in prison[, and] ... ordered to register as a sex offender for the next 30 years." Plaintiffs asserted eight claims arising from the sexual contact between Sheppard and Blount. Sheppard asserted claims for battery, intentional infliction of emotional distress, negligent hiring, supervision and retention of an employee, negligent infliction of emotional distress, and violation of North Carolina Constitution Art. I, § 19. Buckner asserted claims for seduction, medical expenses and violation of North Carolina Constitution Art. I, § 19.
Sheppard's claims for negligent hiring, supervision and retention of an employee and for negligent infliction of emotional distress were based on defendant's direct liability for its actions or its failure to act. The remaining claims allege that defendant was liable because it had "ratified" Blount's conduct, an assertion that rested upon allegations that (1) when Sheppard told a teacher about her sexual contact with Blount, the teacher did not report this to school authorities for nine days, in violation of school board policy, and; (2) defendant did not fire that teacher for the delay in reporting the incident.
On 30 June 2014 defendant filed a motion pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) seeking dismissal of the ratification claims: Sheppard's claims for battery, intentional infliction of emotional distress, and violation of North Carolina Constitution Art. I, § 19 ; and Buckner's claims for seduction, medical expenses and violation of North Carolina Constitution Art. I, § 19. Defendant did not seek dismissal of Sheppard's claims predicated on defendant's direct liability for negligent hiring, supervision and retention of an employee and for negligent infliction of emotional distress. On 22 July 2014 defendant filed its answer to plaintiffs' amended complaint, in which it admitted that on 1 December 2010 Sheppard was a 16 year old student and Blount was a 27 year old employee of the school system, and that Blount had pled guilty to a felony offense, was sentenced to prison, and was required to register as a sex offender.
On 28 August 2014 the trial court dismissed plaintiffs' claims as to all the claims that were the subject of the motion to dismiss. Plaintiffs appealed the trial court's dismissal of these claims. On 5 January 2015 defendant filed a motion to dismiss plaintiffs' appeal, contending that plaintiffs were attempting to appeal from an interlocutory order that did not affect a substantial right. On 26 January 2015 plaintiffs filed a response to that motion, arguing that immediate appeal is necessary to protect their substantial right to avoid inconsistent verdicts.
II. Interlocutory Appeal
A. Standard of Review
An order is either "interlocutory or the final determination of the rights of the parties." N.C. Gen.Stat. § 1A-1, Rule 54(a). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham,231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). Plaintiffs concede that they are appealing from an interlocutory order that did not dispose of Sheppard's claims for negligent hiring, supervision and retention of an employee and negligent infliction of emotional distress.
"As a general rule, interlocutory orders are not immediately appealable. However, 'immediate appeal of interlocutory orders and judgments is available in at least two instances': when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)." Turner v. Hammocks Beach Corp.,363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (citing Davis v. Davis,360 N.C. 518, 524, 631 S.E.2d 114, 119 (2006), and quoting Sharpe v. Worland,351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) ). In this case, the trial court did not certify its order for immediate review, and plaintiffs are entitled to immediate appeal only if delaying appeal would deprive them of a substantial right.
"The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature. If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds.... [W]e are required to determine, before considering the merits of Plaintiff[s'] challenges to the trial court's order, whether Plaintiff[s'] appeal is properly before this Court at this time." Hamilton v. Mortg. Info. Servs., Inc.,212 N.C.App. 73, 77, 711 S.E.2d 185, 189 (2011) (citations omitted).
B. Discussion
"Where the dismissal of an appeal as interlocutory could result in two different trials on the same issues, creating the possibility of inconsistent verdicts, a substantial right is prejudiced and therefore such dismissal is immediately appealable." Estate of Harvey v. Kore-Kut, Inc.,180 N.C.App. 195, 198, 636 S.E.2d 210, 212 (2006) (citing Hartman v. Walkertown Shopping Center,113 N.C.App. 632, 439 S.E.2d 787, disc. review denied,336 N.C. 780, 447 S.E.2d 422 (1994) ). "Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue."Green v. Duke Power Co.,305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). "In J & B Slurry Seal[Co. v. Mid-South Aviation, Inc.,88 N.C.App. 1, 7, 362 S.E.2d 812, 816 (1987) ], we discussed the Supreme Court's decision in Green v. Duke Power Co.,305 N.C. 603, 290 S.E.2d 593 (1982), stating that "after Green,simply having all claims determined in one proceeding is not a substantial right. A party has instead the substantial right to avoid two separate trials of the same 'issues': conversely, avoiding separate trials of different issues is not a substantial right." Hamilton,212 N.C.App. at 79, 711 S.E.2d at 190 (internal citation omitted).
Issues are the 'same' if the facts relevant to their resolution overlap in such a way as to create a risk that separate litigation of those issues might result in inconsistent verdicts.... "[W]hen common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue."
Hamiltonat 80, 711 S.E.2d at 190 (quoting Davidson v. Knauff Ins. Agency,93 N.C.App. 20, 25, 376 S.E.2d 488, 491, disc. review denied,324 N.C. 577, 381 S.E.2d 772 (1989) ) (internal citation omitted). However, "[t]he mere fact that claims arise from a single event, transaction, or occurrence does not, without more, necessitate a conclusion that inconsistent verdicts may occur unless all of the affected claims are considered in a single proceeding." Id.(citing Moose v. Nissan of Statesville,115 N.C.App. 423, 428, 444 S.E.2d 694, 698 (1994) ).
In this case, plaintiffs assert that delaying review of the trial court's order exposes them to the possibility of inconsistent verdicts returned by different juries. In their response to defendant's motion to dismiss their appeal, plaintiffs assert that the "central factual issue in this case centers around an alleged act of sexual intercourse on the premises of a public high school[,]" and posit the possibility of inconsistent verdicts if, after a trial on the remaining claims, we reverse the trial court's dismissal of one or more of plaintiffs' other claims, resulting in a second trial:
In this case, a jury could find in the first trial that Herman Blount did nothave sexual intercourse on the premises of Carver High School with Kaitlin Sheppard; and a jury in the second trial could find that Herman Blount didhave sexual intercourse on the premises of Carver High School with Kaitlin Sheppard.
(emphasis in original) However, plaintiffs fail to explain why the jury would be called upon to return a verdict on the question of whether Blount and Sheppard had sexual intercourse in a trial on Sheppard's claims for negligent hiring, supervision and retention of an employee and negligent infliction of emotional distress. In their amended complaint, plaintiffs allege:
That Blount's sexual relations with Katlin Sheppard were illegal and in violation of N.C.G.S. § 14-27.7 in that Sheppard was a high school student. That he entered a plea of guilty to violating N.C.G.S. § 14-27.7 and was found guilty of violating the statute on June 29, 2011. That Blount was sentenced to prison for 10 to 12 months and was placed on the North Carolina Sex Offender and Public Protection Registry as a sex offender for the next 30 years....
N.C. Gen.Stat. § 14-27.7(b) provides in relevant part that:
If a defendant, who is a teacher, school administrator, student teacher, school safety officer, or coach, at any age, ... and who is at least four years older than the victim engages in vaginal intercourse or a sexual act with a victim who is a student, at any time during or after the time the defendant and victim were present together in the same school, but before the victim ceases to be a student, the defendant is guilty of a Class G felony[.] ... Consent is not a defense to a charge under this section.
In its answer, defendant "admit[ted] that Mr. Blount was charged with and pled guilty to a felony, was sentenced to time in prison and had to register as a sex offender due to his conviction." There is thus no dispute that Blount and Sheppard had improper sexual contact. In addition, "[t]his Court may take judicial notice of the public records of other courts within the state judicial system." State v. Thompson,349 N.C. 483, 497, 508 S.E.2d 277, 286 (1998) (citing Motors Corp. v. Hagwood,233 N.C. 57, 62 S.E.2d 518 (1950) ). Such records would include the record of Blount's criminal prosecution for violation of N.C. Gen.Stat. § 14-27.7 which, in conjunction with defendant's admission in its answer, would establish that Blount had improper sexual contact with Sheppard. Plaintiffs fail to articulate why the jury would return a verdict on the specific nature of this contact at a trial on the remaining claims.
"North Carolina recognizes a claim for negligent employment or retention when the plaintiff proves: '(1) the specific negligent act on which the action is founded ... (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, ... and (4) that the injury complained of resulted from the incompetency proved.' " Medlin v. Bass,327 N.C. 587, 590-91, 398 S.E.2d 460, 462 (1990) (quoting Walters v. Lumber Co.,163 N .C. 536, 541, 80 S.E. 49, 51 (1913) ). In their amended complaint, plaintiffs allege that defendant had actual or constructive notice of the facts that criminal charges had previously been filed against Blount and that he had participated in an adulterous affair; that Blount's history was evidence of his incompetence for his position; that defendant failed to terminate Blount or properly supervise his interactions with students; and that as a result Sheppard suffered injuries arising from her sexual contact with Blount. Thus, the factual issues for the jury's determination would be whether defendant had actual or constructive knowledge of Blount's past; whether, in light of Blount's history, defendant was negligent in its employment of Blount; whether Sheppard suffered severe emotional distress or other injury as a result of her interaction with Blount; and the causal relationship between Blount's past, defendant's employment of Blount, and Sheppard's injuries.
Similarly, "[t]he substantive elements of negligent infliction of emotional distress are: '(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress ..., and (3) the conduct did in fact cause the plaintiff severe emotional distress.' " Acosta v. Byrum,180 N.C.App. 562, 567, 638 S.E.2d 246, 250 (2006) (quoting Johnson v. Ruark Obstetrics,327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990) ). In support of the claim for negligent infliction of emotional distress, plaintiffs repeat their allegations regarding negligent hiring and supervision, and add an allegation that defendant knew that teachers and employees "used cell phones, email and/or text messages to groom and to lure students into engaging in sexual relations" but had failed to "stop this misconduct[.]" Plaintiffs have not explained why, given that the record establishes the existence of improper sexual contact between Blount and Sheppard, the jury in Sheppard's negligence-based claims would be required to return a verdict on the details of their sexual activity or whether it consisted of sexual intercourse or another sexual act.
Moreover, even assuming, arguendo,that the jury returned a verdict on this issue, this verdict would be subject to collateral estoppel at a later trial on one or more of plaintiffs' other claims.
Under the ... doctrine of collateral estoppel ... the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding.... [C]ollateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim.... It is well settled ... that where there is a sufficiently close relationship, called 'privity,' between the party to a prior action and the party to be estopped in a later action, due process is not offended by the estoppel of the latter, provided the former had a full and fair opportunity to litigate the matter to be precluded.
Whitacre P'ship v. BioSignia, Inc.,358 N.C. 1, 15-16, 36, 591 S.E.2d 870, 880, 893 (2004) (citations omitted). Plaintiffs fail to identify any reason why the doctrine of collateral estoppel would not apply in this case, where the plaintiffs, mother and daughter, share common interests in the claims and are represented by the same counsel. Therefore, even assuming, arguendo,that the jury in the first trial returned a "verdict" on whether or not Sheppard and Blount had sexual intercourse, the jury in a second trial would be collaterally estopped from returning an inconsistent verdict.
Plaintiffs also argue that, under Oestreicher v. American Nat'l Stores, Inc.,290 N.C. 118, 225 S.E.2d 797 (1976), they have a substantial right to try Sheppard's negligence claims and Buckner's derivative claim for medical expenses before the same judge and jury. However, as discussed above, "after Green,simply having all claims determined in one proceeding is not a substantial right." Hamilton.Plaintiffs also make a conclusory allegation that separate trials on Sheppard's negligence claims and Buckner's derivative claim raise the possibility of inconsistent verdicts, but do not identify specific factual issues that might be subject to inconsistent verdicts.
"The appellant bears the burden of demonstrating that the order is appealable despite its interlocutory nature. It is not the duty of this Court to construct arguments for or find support for an appellant's right to appeal; the appellant must provide sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." Wells Fargo Bank, N.A. v. Corneal,--- N.C.App. ----, ----, 767 S.E.2d 374, 376 (2014) (citing Hamilton). We hold that plaintiffs have failed to establish that delaying their appeal until final judgment is entered would expose them to the possibility of inconsistent verdicts.
C. Conclusion
Plaintiffs have appealed from an interlocutory order that does not affect a substantial right, and their appeal must be
DISMISSED.
Judges HUNTER, ROBERT N., JR. and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from order entered 28 August 2014 by Judge Susan E. Bray in Forsyth County Superior Court. Heard in the Court of Appeals 3 June 2015.