SAMUEL L. WILDER, Plaintiff v. EVELYN D. HILL, and the Estate of Willie V. Davis, Defendants

No. COA05-641

(Filed 7 February 2006)

**Collateral Estoppel and Res Judicata; Wills— failure to make devise—not raised in prior caveat**

> Plaintiff's complaint for fraud and undue influence was correctly dismissed for res judicata where plaintiff had an adequate remedy in a prior caveat which he did not pursue. Plaintiff's claim here involved an alleged promise of a devise by the decedent in return for assistance; the only admissible evidence was a prior will; and plaintiff did not produce that will during the prior caveat.

Appeal by plaintiff from judgment entered 23 March 2005 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 10 January 2006.

*Frank Cherry for plaintiff-appellant.*

*No brief for defendant-appellees.*

HUNTER, Judge.

Samuel L. Wilder ("plaintiff") appeals from judgment of the trial court dismissing his complaint against Evelyn D. Hill ("Hill") and the estate of Willie V. Davis (collectively, "defendants") on the basis of *res judicata*. Plaintiff contends he is entitled to proceed with his civil suit. We affirm the judgment of the trial court.

On 23 November 2003, plaintiff filed a complaint against defendants in New Hanover County Superior Court alleging claims of fraud and undue influence regarding the will of plaintiff's stepfather, Willie Davis ("Davis"). According to the complaint, Davis executed a will in 1964 which named his wife (plaintiff's mother) as primary beneficiary, and named plaintiff as a secondary beneficiary to his estate. Davis's estate included a family residence located at 1101 Chestnut Street in Wilmington, North Carolina. After plaintiff's mother died in 1998, plaintiff gave Davis monies for maintenance of the Chestnut Street residence. Plaintiff alleged he did so upon the understanding that he would, along with Hill, who was Davis's daughter, inherit the residence upon Davis's death. Unbeknownst to plaintiff, Davis executed a new will in 1998 devising the property to Hill and her children and excluding plaintiff as a beneficiary. Plaintiff alleged in his complaint that Hill induced Davis to revoke the 1964 will and "by unlawful threats and intimidation coerced Willie V. Davis to exclude the plaintiff from his [1998] Will[.]" The complaint noted that when Davis died, plaintiff executed a successful caveat proceeding challenging the 1998 will. Plaintiff contended in his complaint he was entitled to money damages equal to "one-half of the value of the property at 1101 Chestnut Street or $35,000 . . . or . . . all funds advanced to [Davis] from 1995 to 2000 for taxes and upkeep of the property . . . ."

Plaintiff's first cause of action, that of fraud, was dismissed by order of the trial court dated 11 January 2005. The order found that:

1. Plaintiff's claim in essence is that the decedent, Willie V. Davis, promised him that he would devise him a one-half interest in his home place at 1101 Chestnut Street in return for him providing financial assistance for the upkeep and taxes on the home.

**WILDER v. HILL**

[175 N.C. App. 769 (2006)]

2. Plaintiff concedes that the only evidence of this agreement other than the alleged statements of the decedent, Willie V. Davis, which are barred by the Statute of Frauds, is a prior will made by Willie V. Davis in 1964.

3. The parties agree that the said previous will gave no direct statement of a promise to make the bequest in return for help in paying taxes or expenses and that prior case law prohibits the admission of prior Wills without such specific promises or agreements.

The trial court therefore dismissed plaintiff's first cause of action. Plaintiff did not appeal from this order.

Defendants' motion to dismiss plaintiff's second cause of action, that of undue influence, was heard by the trial court on 14 March 2005. Upon review of the case, the trial court made the following pertinent findings:

3. The Second Cause of Action alleged undue influence by the Defendant Evelyn D. Hill to cause Willie V. Davis to alter his will to omit Plaintiff from his will.

4. Plaintiff had previously filed a Caveat against the will of Willie V. Davis which was tendered for probate by Evelyn D. Hill that matter being in file 00E1070 in New Hanover County. The Caveat was successful and the will tendered for probate was disallowed.

5. The issue of undue influence of Evelyn D. Hill as to the preparation of the will of Willie V. Davis was one of the issues presented to the Jury at the Caveat proceeding.

6. The Plaintiff presented no further claims in the Caveat action nor did he present any other will for probate or other claims which he alleges in this action that he had against the parties.

7. The Estate of Willie V. Davis, following the voidance of the will by the caveat, was to be distributed by intestate succession, pursuant to which Plaintiff took nothing.

Based on these findings, the trial court concluded that plaintiff's claim against defendants was barred by *res judicata* and collateral estoppel "in that the same issue was determined by the Jury in the Caveat proceeding even though this action is premised upon a differ-

ent claim." The trial court entered an order dismissing plaintiff's claim against defendants. Plaintiff appeals.

Plaintiff argues the trial court erred in dismissing his claim on the basis of *res judicata* and collateral estoppel. Plaintiff contends he could not have raised the issue of damages in the former caveat proceeding, and therefore the fact that the jury found undue influence in the caveat proceeding does not bar plaintiff from the present action against defendants.

"In general, '[t]he purpose of a caveat is to determine whether the paperwriting purporting to be a will is in fact the last will and testament of the person for whom it is propounded.' " *Baars v. Campbell Univ., Inc.*, 148 N.C. App. 408, 419, 558 S.E.2d 871, 878 (quoting *In re Spinks*, 7 N.C. App. 417, 423, 173 S.E.2d 1, 5 (1970)), *disc. review denied*, 355 N.C. 490, 563 S.E.2d 563 (2002). " 'The filing of a caveat is the customary and statutory procedure for an attack upon the testamentary value of a paperwriting which has been admitted by the clerk of superior court to probate in common form.' " *Id.* (citation omitted).

> The Clerk of Superior Court as *ex officio* Judge of Probate has jurisdiction to take proof of wills and issue letters testamentary or of administration thereon. As Judge of Probate he has the sole power in the first instance to determine whether a decedent died testate or intestate and whether a script offered for probate is his will.

*In re Will of Charles*, 263 N.C. 411, 415, 139 S.E.2d 588, 591 (1965). "When a *caveat* is filed the Superior Court acquires jurisdiction of the whole matter in controversy. Any other script purporting to be the decedent's will should be offered and its validity determined in the *caveat* proceeding." *Id.* at 416, 139 S.E.2d at 591-92 (citations omitted).

Plaintiff contends that, as the purpose of the caveat proceeding is limited to a determination of whether the challenged will is valid or not, he could not have brought the action for damages, and the trial court therefore erred in dismissing his complaint on the ground of *res judicata*. Plaintiff is correct in asserting that the purpose of a caveat proceeding is limited and that where adequate remedy cannot be obtained in a caveat proceeding, the plaintiff is entitled to proceed with a tort claim. *See Murrow v. Henson*, 172 N.C. App. 792, 800, 616 S.E.2d 664, 669 (2005). Where a plaintiff may gain adequate relief in a

caveat proceeding, however, "a direct attack by *caveat* [is] a complete and adequate remedy at law, such that a plaintiff is not entitled to equitable relief." *Baars*, 148 N.C. App. at 419, 558 S.E.2d at 878.

In this case, plaintiff's complaint alleged the existence of an earlier 1964 will which named him as a beneficiary. Plaintiff never presented this will during the caveat proceeding, however, and Davis's estate was distributed by intestate succession, pursuant to which plaintiff took nothing. Plaintiff's claim to inherit lay in the alleged 1964 will, the existence and validity of which he failed to establish during the caveat proceeding. As plaintiff had adequate remedy in the caveat proceeding, he may not now seek a civil remedy. The trial court therefore properly dismissed plaintiff's complaint.

The judgment of the trial court is affirmed.

Affirmed.

Judges WYNN and JACKSON concur.