RAYMOND J. MILESKI, Plaintiff v. ROBERT H. McCONVILLE, JR., individually and as Executor and Trustee of the Will and Trust of Magdalen P. Mileski, EDWARD W. NAJAM, JR., individually and as Executor and Trustee of the Will and Trust of Magdalen P. Mileski, ANNE F. McCONVILLE, DOROTHY F. FINDLEN, MARY HELEN PARKER ADAMS, and WACHOVIA BANK, N.A., as Trustee of the Magdalen P. Mileski Trust, Defendants

No. COA08-1216

(Filed 18 August 2009)

**1. Civil Procedure— Rule 12(b)(6) motion to dismiss—matters outside pleadings—summary judgment**

A Rule 12(6) motion to dismiss was converted to a motion for summary judgment where the court's order stated that the court reviewed the pleadings and considered the arguments and submissions of counsel, and took notice of portions of an estate file and a pending caveat.

**2. Estates— claim against estate—not timely—personal notice not required**

There was no issue of fact that plaintiff failed to present his claim against an estate within the time specified by the general newspaper notice to creditors and the claim was barred by N.C.G.S. § 28A-19-3(a). Plaintiff did not set forth specific facts showing that a genuine issue of material fact existed as to whether his claim against the estate was reasonably ascertainable, and he was not entitled to personal notice.

**3. Estates— claim against estate—properly determined by caveat**

The trial court did not err by granting summary judgment in favor of defendants in their individual capacities in an estate claim where plaintiff's essential claim could properly be determined through a caveat proceeding.

Appeal by plaintiff from order dated 10 June 2008 by Judge John O. Craig in Guilford County Superior Court. Heard in the Court of Appeals 25 March 2009.

*Wyatt Early Harris Wheeler, LLP, by William E. Wheeler, for plaintiff-appellant.*

*Smith Moore Leatherwood LLP, by Manning A. Connors, and Roberson, Haworth & Reese, P.L.L.C., by Robert A. Brinson, for defendant-appellees.*

BRYANT, Judge.

Raymond J. Mileski (plaintiff) appeals from an order dated 10 June 2008 granting a motion filed by Robert H. McConville, Jr., Edward W. Najam, Jr., Anne F. McConville, Dorothy F. Findlen, and Mary Helen Parker Adams (collectively defendants) to dismiss plaintiff's complaint pursuant to Rule 12(b)(6).

*Facts*

On 11 May 2007, Magdalen P. Mileski (Mrs. Mileski) died in Moore County, North Carolina. She was survived by plaintiff, her husband. On 22 June 2007, Mrs. Mileski's Last Will and Testament was admitted to probate by the Clerk of Court of Moore County. Letters Testamentary were issued to Robert H. McConville, Jr., Mrs. Mileski's nephew by marriage, and to Edward W. Najam, Jr., her nephew.

As required by N.C. Gen. Stat. § 28A-14-1, the executors of Mrs. Mileski's estate published a statutory general notice to creditors once per week for four consecutive weeks on the 1st, 8th, 15th, and 22nd of July 2007. The notice required anyone having a claim against the estate to notify the executors by 1 October 2007 of their claim.

On 5 November 2007, plaintiff presented a claim against the estate through a letter addressed to the executors of the estate. In the

letter, plaintiff claimed assets had been transferred from his name by his wife into her accounts. Plaintiff subsequently filed a complaint in Guilford County Superior Court on 25 January 2008 alleging among other things, actual fraud, constructive fraud, breach of contract and conversion, and requested a preliminary injunction. On 25 January 2008, plaintiff also filed a caveat in Moore County.

The complaint stated plaintiff had executed an affidavit on 25 July 2007 concerning matters related to Mrs. Mileski's estate. According to plaintiff's affidavit, plaintiff was aware that Mrs. Mileski had executed a new will prior to her death, that she had transferred assets from his name to her estate, and that Mrs. Mileski resided in Moore County, North Carolina at the time of her death.

On 26 March 2008, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure alleging all claims were barred by N.C. Gen. Stat. § 28A-19-3(a). On 10 June 2008, the trial court granted defendants' motion and dismissed plaintiff's action with prejudice. Plaintiff appeals.

------------

On appeal, plaintiff's arguments may be summarized as follows: whether the trial court erred by (I) considering matters outside the pleadings; (II) dismissing plaintiff's complaint as barred by N.C. Gen. Stat. § 28A-19-3; and (III) whether plaintiff's due process rights were violated.

*I*

**[1]** On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted." *Allred v. Capital Area Soccer League, Inc.*, 194 N.C. App. 280, 282, 669 S.E.2d 777, 778 (2008). A complaint is properly dismissed under Rule 12(b)(6) when one or more of the following conditions are met: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Oates v. Jag, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) states:

If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be

granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C.G.S. § 1A-1, Rule 12(b)(6) (2007). "Where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment under Rule 56." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 229 (1985) (citations omitted).

In the present case, the trial court's order states the court "reviewed the pleadings and considered the arguments and submissions of counsel, and the Court [takes] judicial notice of portions of Estate file for the Estate of Magdalen P. Mileski and the pending caveat of the Will of Magdalen P. Mileski in Moore County[.]" It is evident from the order that the trial court considered matters outside the pleadings. Thus, defendants' Rule 12(b)(6) motion was converted to a motion for summary judgment. In reviewing plaintiff's arguments, we will apply the standard of review from an order granting summary judgment.

## II

Plaintiff argues his claims against the estate were not barred by N.C. Gen. Stat. § 28A-19-3(a) because he was a reasonably ascertainable creditor as contemplated by N.C. Gen. Stat. § 28A-14-1 and defendants failed to give plaintiff personal notice. Plaintiff also argues his claims against defendants in their individual capacities were not barred by § 28A-19-3(a).

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted). "[T]he evidence presented by the parties must be viewed in the light most favorable to the nonmovant." *Id.* Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).

### Claims Against the Estate

[2] Any claim against an estate is, under N.C. Gen. Stat. § 28A-19-3(a), forever barred if the claim is not presented to the personal representative of the estate "by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a)." N.C.G.S. § 28A-19-3(a) (2007). However, the personal representative of the estate is required under N.C.G.S. § 28A-14-1 to publish a notice to creditors once per week for four consecutive weeks in a newspaper qualified to publish legal advertisements, notifying all persons having claims against the decedent to present them to the personal representative on or before "a day to be named in such notice, which day must be three months from the date of the first publication . . . of such notice." N.C.G.S. § 28A-14-1(a).

In the present case, defendants complied with N.C.G.S. § 28A-14-1(a) by publishing a notice to creditors on the 1st, 8th, 15th, and 22nd of July 2007 in *The Pilot*, a newspaper published in Moore County. Therefore, we must now determine whether defendants were required to give plaintiff personal notice.

In addition to publishing a notice to creditors in a qualified newspaper, the personal representative is also required to:

> personally deliver or send by first class mail to the last known address a copy of the notice required by subsection (a) of this section to all persons, firms, and corporations having unsatisfied claims against the decedent *who are actually known or can be reasonably ascertained by the personal representative* or collector within 75 days after the granting of letters. Provided, however, no notice shall be required to be delivered or mailed with respect to any claim that is recognized as a valid claim by the personal representative or collector.

N.C.G.S. § 28A-14-1(b) (2007) (emphasis added). This Court recently established in *Azalea Garden Bd. & Care, Inc. v. Vanhoy*, 196 N.C. App. 376, 675 S.E.2d 122 (2009), that once a defendant-personal representative shows that she properly published a general notice pursuant to § 28A-14-1(b), the plaintiff then bears the initial burden of showing that he was entitled to *personal* notice pursuant to N.C.G.S. § 28A-14-1(b). The plaintiff must "produce a forecast of evidence demonstrating that a material issue of fact exists as to whether its identity and its claim were reasonably ascertainable . . . ." *Id.* at 390, 675 S.E.2d at 131.

MILESKI v. McCONVILLE

[199 N.C. App. 267 (2009)]

Plaintiff contends he was a reasonably ascertainable claimant, and therefore entitled to personal notice. However, plaintiff's forecast of evidence, even when viewed in the light most favorable to him, fails to set forth specific facts showing that a genuine issue of material fact existed as to whether his claim against the estate was reasonably ascertainable. Plaintiff contends the executors of Ms. Mileski's estate had knowledge of his claims against the estate because they knew or should have known that the transfer of his assets to Ms. Mileski's name was unauthorized and that Ms. Mileski breached the joint estate planning agreement.

There is no evidence in the record that defendants were aware of plaintiff's claim. Plaintiff did not file a complaint against the estate until well after the time limitation had expired. Nothing in the record indicates that defendants were on notice that plaintiff had claims against the estate regarding the transfers Ms. Mileski conducted via her power of attorney. Given the lack of forecasted evidence to support his claim, plaintiff was not entitled to personal notice under N.C.G.S. 28A-14-1(b). *See In re Estate of Mullins*, 182 N.C. App. 667, 643 S.E.2d 599 (2007) (holding petitioner was not entitled to personal notice where no evidence in the record indicated respondent was "on notice" of any claims petitioner had against the estate). Therefore, viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact and plaintiff's claim is barred by N.C. Gen. Stat. § 28A-19-3(a)[1] due to plaintiff's failure to present his claim within the time specified by the general newspaper notice to creditors.

*Claims Against Individual Defendants*

[3] Plaintiff also argues the trial court erred by granting summary judgment in favor of the defendants in their individual capacities. Plaintiff contends his claims against the individual defendants were not barred by N.C. Gen. Stat. § 28A-19-3(a) because the statute acts to bar actions only against personal representatives and heirs or devisees for derivative claims arising out of claims against the estate, but does not act to bar claims against such individuals for their individual torts.

---

1. (a) All claims against a decedent's estate which arose before the death of the decedent . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, secured or unsecured, founded on contract, tort, or other legal basis, which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a) . . . are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent.

Plaintiff is able to, and in fact did present his claims against the estate in a caveat proceeding. North Carolina General Statutes, section 31-32 states:

> At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will . . . .

N.C. Gen. Stat. § 31-32 (2007).

"In general, '[t]he purpose of a caveat is to determine whether the paperwriting purporting to be a will is in fact the last will and testament of the person for whom it is propounded.' " *Baars v. Campbell University, Inc.*, 148 N.C. App. 408, 419, 558 S.E.2d 871, 878 (2002) (quoting *In re Spinks*, 7 N.C. App. 417, 423, 173 S.E.2d 1, 5 (1970)). "The filing of a caveat is the customary and statutory procedure for an attack upon the testamentary value of a paperwriting which has been admitted by the clerk of superior court to probate in common form." *Id.* "Additionally, a direct attack by caveat has been held a complete and adequate remedy at law, such that a plaintiff is not entitled to equitable relief." *Id.*

In the present case, plaintiff is challenging the validity of Ms. Mileski's will that was submitted to the Moore County Clerk of Court as well as the unauthorized transfer of assets from his name to Ms. Mileski's name. Plaintiff's essential claim—that defendants' undue influence procured the will submitted to the Clerk of Court and procured the transfer of assets—can properly be determined through a caveat proceeding. Thus, the trial court did not err by dismissing plaintiff's complaint.

Because we have determined defendants were not required to deliver to plaintiff a copy of the general notice to creditors, we need not address plaintiff's final argument that his due process rights were violated. This assignment of error is overruled.

For the forgoing reasons, the order of the trial court is affirmed.

AFFIRMED

Judges ELMORE and STEELMAN concur.