McGEE, Chief Judge.
 

 *603
 
 Susan J. Baldelli ("Plaintiff"), together with Travel Resorts of America, Inc. ("TRA") and Trident Designs, LLC ("Trident Designs") ("Plaintiffs")
 

 *604
 
 and Steven R. Baldelli, ("Defendant"), individually and as president of TRA, together with Travel Resorts of North Carolina ("TNC"), Derby Investment Company, LLC ("Derby") and Trident Capital, LLC ("Trident Capital") ("Defendants") are parties to this action. Plaintiff and Defendant were married on 15 September 1979 and separated in 2013. Both Plaintiff and Defendant filed claims for equitable distribution of their marital property in District Court, Moore County. During the course of their marriage Plaintiff and Defendant incorporated a number of businesses, including those named above as parties to this action. Along with Plaintiff and Defendant, Trident Capital and TRA are parties to both the district court action and the present superior court action. Derby, TNC, and Trident Designs are not named parties in the district court equitable distribution action. Plaintiff and Defendant are in agreement that TRA and Trident Designs constitute marital property. Plaintiff contends that Trident Capital, TNC, and Derby are marital property. Defendant contests this contention.
 

 Plaintiffs filed the complaint in this action on 23 February 2015, in Superior Court, Moore County, and filed an amended complaint on 4 May 2015, in which they set forth five claims: (1) breach of fiduciary duty against Defendant, relative to his actions as president of TRA; (2) demand for accounting, also related to Defendant's role as president of TRA; (3) breach of contract against TNC and Trident Capital; (4) breach of contract against Derby; and (5) an alternate claim against Derby for
 
 quantum meruit
 
 . Defendant moved to dismiss Plaintiffs' complaint on 8 June 2015, pursuant to the prior pending action doctrine, arguing that superior court did not have jurisdiction over the claims because of the ongoing district court action for equitable distribution which, according to Defendant, encompassed substantially similar claims and parties. Defendant further asked the trial court to dismiss the breach of fiduciary duty claim because it was required to be brought as a derivative action, and Plaintiffs had failed to do so; in the alternative, Defendant asked the superior court to hold the present action in abeyance until the district court matter was settled. The remaining Defendants also filed motions to dismiss, based in part on arguments that the prior pending action doctrine served to divest the superior court of jurisdiction. Plaintiffs filed a motion to file a second amended complaint on 14 July 2015, requesting that they be allowed to amend the complaint in order to "assert the breach of fiduciary duty claim directly by TRA against Defendant[.]"
 

 Defendants' motions were heard on 16 September 2015 in superior court. Plaintiffs' action was dismissed by order entered 22 October 2015, because the superior court ruled that it "lack[ed] subject matter
 
 *605
 
 jurisdiction over the matters asserted." The superior court, also by order entered 22 October 2015, further denied Plaintiffs' motion to file a second amended complaint as moot. Plaintiffs appeal.
 

 Plaintiffs argue that the trial court erred by dismissing Plaintiffs' claims for lack of subject matter jurisdiction. We agree.
 

 Specifically, Plaintiffs argue that the trial court "improperly concluded the prior pending domestic action precluded the [trial
 
 *689
 
 court] from considering Plaintiffs' claims." This Court has stated:
 

 The "prior pending action" doctrine involves "essentially the same questions as the outmoded plea of abatement," and is, obviously enough, intended to prevent the maintenance of a "subsequent action [that] is wholly unnecessary" and, for that reason, furthers "the interest of judicial economy." "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?"
 

 Jessee v. Jessee
 
 ,
 
 212 N.C.App. 426
 
 , 438,
 
 713 S.E.2d 28
 
 , 37 (2011) (citations omitted).
 

 In
 
 Burgess v. Burgess
 
 ,
 
 205 N.C.App. 325
 
 ,
 
 698 S.E.2d 666
 
 (2010), the plaintiff filed an action in superior court alleging,
 
 inter alia
 
 , "breach of fiduciary duties, inspection, and accounting" related to a business, Burgess & Associates, that had been jointly owned by the plaintiff and her husband ("the defendant") during their marriage.
 
 Id
 
 . at 330-31,
 
 698 S.E.2d at 670
 
 . At the time the superior court action was filed, the plaintiff and the defendant were already involved in an equitable distribution action involving Burgess & Associates.
 
 Id
 
 . at 326,
 
 698 S.E.2d at 667
 
 . The defendant moved to dismiss the plaintiff's action based in part on his argument that the prior pending action doctrine served to divest the superior court of jurisdiction because the parties and subject matter of the two actions were substantially similar.
 
 Id
 
 . at 326,
 
 698 S.E.2d at 668
 
 . This Court held that the superior court had not erred in ruling that it had jurisdiction to hear the claims of breach of fiduciary duties, inspection, and accounting. This Court reasoned:
 

 It is apparent that if plaintiff is successful in her equitable distribution action, she can only receive a portion of the issued shares of Burgess & Associates, along with any
 
 *606
 
 other marital or divisible property she may be awarded in the trial court's discretion. Should she prove that she is entitled to an unequal distribution, she may, at the most, receive a larger portion of marital or divisible property as an offset-property which she assisted in contributing to the marriage. She would not be entitled to any of [the defendant's] separate property.
 

 In stark comparison, if plaintiff is successful in prosecuting her derivative suit for breach of the duties of good faith and due care, she may obtain a judgment against [the defendant] in the right of the company in excess of $10,000 from a jury verdict. The judgment would be against [the defendant] in his individual capacity, and Burgess & Associates would be able to enforce the judgment against [the defendant's] separate property. Despite the breadth and variety of the factors in section 50-20, there is no similarity between the relief sought in plaintiff's equitable distribution action and the derivative suit. In particular, plaintiff sets out several factual allegations in the shareholder suit predating [the defendant's] and plaintiff's separation. Were we to follow defendants' suggestion to lump the derivative suit here into subsection (11a) of N.C.G.S. § 50-20(c), those allegations would not be available to plaintiff in the distribution of marital property. N.C.G.S. § 50-20(c)(11a) (only waste or neglect occurring "during the period
 
 after separation
 
 of the parties and
 
 before the time of distribution
 
 " considered in making an unequal distribution) (emphasis added). Even if pre-separation acts could be considered pursuant to
 
 N.C. Gen. Stat. § 50-20
 
 (c)(12) (allowing consideration of "[a]ny other factor which the court finds to be just and proper," the district court cannot, as we have already noted, reach [the defendant's] separate property in equitable distribution.
 

 Burgess v. Burgess
 
 ,
 
 205 N.C.App. 325
 
 , 331-32,
 
 698 S.E.2d 666
 
 , 671 (2010).
 

 In
 
 Ward v. Fogel
 
 , the plaintiff and the defendant were already involved in an action for equitable distribution when the plaintiff filed a second action in superior court alleging,
 
 inter alia
 
 , "(1) fraudulent inducement; (2) constructive fraud; (3) and breach of fiduciary duty[.]"
 
 Ward v. Fogel
 
 ,
 
 237 N.C.App. 570
 
 , 573,
 
 768 S.E.2d 292
 
 , 296 (2014),
 
 disc. review denied,
 
 --- N.C. ----,
 
 771 S.E.2d 302
 
 (2015).
 

 *690
 

 *607
 
 Though this Court held that Florida courts had exclusive jurisdiction, it further reasoned:
 

 Even if the North Carolina district court did have jurisdiction over the parties, an equitable distribution proceeding would not be able to provide plaintiff the relief she requests. Plaintiff, like the wife in
 
 Burgess
 
 , has demanded a jury trial, to which she would be denied access in district court. Additionally, like the wife in
 
 Burgess
 
 , plaintiff is seeking compensatory damages in excess of $10,000.00, in addition to punitive damages, on her claims for breach of fiduciary duty, constructive fraud, and fraudulent inducement. If she is successful on these claims, she may get a judgment which could be enforced against Mr. Ward's separate property. However, in the equitable distribution claim, the most that plaintiff would be able to win is a favorable distribution of marital or divisible assets. Therefore, as in
 
 Burgess
 
 , the relief plaintiff seeks in superior court would be unavailable in district court, leading us to conclude that Wake County Superior Court has proper jurisdiction to adjudicate these matters.
 

 Ward
 
 ,
 
 237 N.C.App. at 577-78
 
 ,
 
 768 S.E.2d at 299
 
 (citation omitted).
 

 In the case before us, Plaintiffs allege,
 
 inter alia
 
 , breach of fiduciary duty against Defendant for which Plaintiffs claim damages in excess of $25,000.00. If Plaintiffs prevail in this breach of fiduciary duty claim, they will collect from Defendant's separate property, which is a remedy not available to them in the district court equitable distribution action. Although it is possible that the equitable distribution action could resolve the issues underlying Plaintiffs' claim for breach of fiduciary duty, it is also possible that the equitable distribution action will leave these issues unresolved or, as stated above, leave Plaintiffs without the full remedy that would be provided in the superior court action. Further, as in
 
 Burgess
 
 , at least some of the acts that Plaintiff contends constituted a breach of Defendant's fiduciary duties occurred before the date of separation. These acts will generally not be relevant to equitable distribution decisions concerning how to divide marital property.
 
 Burgess
 
 ,
 
 205 N.C.App. at 332
 
 ,
 
 698 S.E.2d at 671
 
 . We therefore hold that the prior pending action doctrine did not serve to divest the superior court of jurisdiction over Plaintiffs' breach of fiduciary duty claim, and we reverse the order of the trial court and remand for further action as provided below.
 

 *608
 
 However, because the parties and subject matter of Plaintiffs' breach of fiduciary duty claim are closely related-when not identical-to the parties and the subject matter to be decided in a portion of the district court action, and because there is a clear interrelationship between the issues in both actions, we do not believe it is in the interest of judicial economy or clarity for both of these actions to proceed simultaneously. To allow both actions to proceed concurrently would be to invite conflict between the resolution of interrelated issues in the two actions.
 

 We have addressed a similar situation of potential unresolvable conflict between two courts with jurisdiction in
 
 Jessee v. Jessee
 
 ,
 
 212 N.C.App. 426
 
 ,
 
 713 S.E.2d 28
 
 (2011). In
 
 Jessee
 
 , the plaintiff-husband had commenced an action in Forsyth County alleging that the defendant-wife had fraudulently converted funds to her own use after the defendant had filed an action for equitable distribution in Alamance County. Because the claims brought in the Forsyth County action concerned acts which occurred after the date of separation and the equitable distribution action would only address what had occurred prior to separation, we concluded that the equitable distribution action did not deprive the superior court in Forsyth County of jurisdiction under the prior pending action doctrine. Nevertheless, because of the "clear interrelationship" between the two cases, we concluded that "the Forsyth County case should be held in abeyance pending resolution of the Alamance County domestic relations case."
 

 Johns v. Welker
 
 ,
 
 228 N.C.App. 177
 
 , 182,
 
 744 S.E.2d 486
 
 , 490-91 (2013) (citations omitted);
 
 see also
 

 Jessee
 
 ,
 
 212 N.C.App. at 439
 
 ,
 
 713 S.E.2d at 38
 
 (citations omitted) ("[D]espite our belief that ... the 'prior pending action' doctrine [does not] mandate dismissal of the
 
 *691
 
 [superior court] action, there is a clear interrelationship between the two cases, such that the equitable distribution portion of the [district court] domestic relations case should be resolved prior to the determination of the [superior court] case. For that reason, we further conclude that the [superior court] case should be held 'in abeyance pending resolution of the' [district court] domestic relations case, and the results of that equitable distribution case taken into consideration in the resolution of the [superior court] case.").
 

 We hold that Plaintiffs' breach of fiduciary duty claim in this case should be held in abeyance by the superior court until the district court
 
 *609
 
 equitable distribution action is resolved. Concerning Plaintiffs' additional superior court claims, they are similar in that though the underlying issues might be resolved in the equitable distribution action, we cannot say for certain that unresolved issues would not remain. Further, the record before us has not been developed to an extent as to provide this Court full confidence in making a determination on subject matter jurisdiction.
 

 The determination of subject matter jurisdiction is a question of law and this Court has the "power to inquire into, and determine, whether it has jurisdiction and to dismiss an action
 
 ex mero motu
 
 when subject matter jurisdiction is lacking." However, the record is devoid of evidence from which we may ascertain whether or not the trial court possessed subject matter jurisdiction[.] We vacate the order filed 22 October 2002 and remand this case for findings of fact based on competent evidence to support the trial court's conclusion of law regarding subject matter jurisdiction[.]
 

 In re J.B.
 
 ,
 
 164 N.C.App. 394
 
 , 398,
 
 595 S.E.2d 794
 
 , 797 (2004) (citations omitted). Though the record before us is not "devoid" of evidence from which to determine whether dismissal based upon lack of subject matter was proper, we believe it is appropriate, based upon the facts before us, to hold all of Plaintiffs' superior court claims in abeyance so that the record can be more fully developed through resolution of the district court action. Following resolution of the equitable distribution action in district court, Plaintiffs can decide whether to proceed with any unresolved claims in the present superior court case. If Plaintiffs decide to advance any of their superior court claims, the superior court, based in part on the resolution of the equitable distribution action, will then decide which claims, if any, should be allowed to proceed.
 

 We further vacate the superior court's 22 October 2015 order denying Plaintiffs' motion for leave to file a second amended complaint as moot. Plaintiffs may, if needed, file for the superior court's consideration a motion for leave to file a second amended complaint at the appropriate time following resolution of the district court action.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and STROUD concur.