IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-630

 Filed: 30 December 2016

Rockingham County, No. 15 CVS 1757

MARSHELLE MIDDLETON FINKS, Plaintiff,

 v.

COLIN HUMPHREY MIDDLETON (INDIVIDUALLY); and COLIN HUMPHREY
MIDDLETON, EXECUTOR OF THE ESTATE OF SYLVIA HUMPRHEY
MIDDLETON; COLIN HUMPRHEY MIDDLETON, TRUSTEE OF THE SYLVIA
MIDDLETON REVOCABLE TRUST; and COLIN HUMPRHEY MIDDLETON,
ATTORNEY-IN-FACT FOR SYLVIA HUMPHREY MIDDLETON, Defendants.

 Appeal by defendants from order entered 15 March 2016 by Judge Michael D.

Duncan in Rockingham County Superior Court. Heard in the Court of Appeals 16

November 2016.

 Scott Law Group, PLLC, by Harvey W. Barbee, Jr. and Robert G. Scott; and
 Willis W. Apple, PA, by Willis W. Apple, for plaintiff-appellee.

 Boydoh & Hale, PLLC, by J. Scott Hale, for defendant-appellants.

 ELMORE, Judge.

 This appeal arises from a bitter sibling dispute between Marshelle Middleton

Finks and her brother, Colin Humphrey Middleton, over Marshelle’s expected

inheritance of their elderly mother Sylvia Middleton’s (“Sylvia”) estate, which

purportedly diminished in value from a net worth of over $800,000.00 in real and

personal property to $0.00 in the four years preceding her death. In 2009, Sylvia
 FINKS V. MIDDLETON

 Opinion of the Court

allegedly executed a will (the “2009 Will”) naming Colin and Marshelle as co-

executors and contemplating a virtually equal estate distribution among her three

children: Colin, Marshelle, and Lexa Middleton Herzog. In early 2012, however,

Sylvia created an inter vivos revocable trust (the “Sylvia Middleton Revocable Trust”),

naming herself initial trustee and Colin successor trustee; executed a new continuing

power-of-attorney, naming Colin attorney-in-fact; and executed a new will (the “2012

Will”), naming Colin executor and transferring her entire residuary estate into the

Sylvia Middleton Revocable Trust. Over the next few months, Sylvia engaged in a

series of transactions conveying multiple parcels of realty by deed to herself as initial

trustee of the trust, to a business entity owned and operated by Colin, and to Colin,

individually. In 2013, Sylvia was admitted into a nursing home due to advanced

dementia. Sylvia died in 2015 with an estate value of $0.00.

 Shortly after Sylvia’s death, after discovering the changes to her estate plan,

Marshelle sued Colin individually, as executor of Sylvia’s estate, as trustee of the

Sylvia Middleton Revocable Trust, and as Sylvia’s attorney-in-fact, for fraud,

constructive fraud, conversion, unjust enrichment, and punitive damages. Marshelle

alleged that since January 2012, Colin had exploited Sylvia’s diminished cognitive

ability due to her progressive dementia and had unduly influenced Sylvia to revise

her estate plan to benefit Colin to the exclusion of Marshelle and Lexa and to convey

multiple parcels of realty to Colin or to entities within Colin’s control. Colin moved

 -2-
 FINKS V. MIDDLETON

 Opinion of the Court

to dismiss Marshelle’s claims for lack of standing, failure to state a claim, and failure

to plead with sufficient particularity. Hours before his motions to dismiss were heard,

he filed an application to probate the 2012 Will, which was approved that day.

Subsequently, Colin submitted the probated 2012 Will for consideration during the

hearing on his motions to dismiss. The trial court denied Colin’s motions to dismiss

on all grounds. Colin appeals.

 I. Background

 Marshelle’s complaint generally alleged the following facts. When the parties’

father died in 2009, he left Sylvia an estate of approximately $800,000.00 consisting

of both real and personal property. Sylvia, an only child, also inherited her parents’

considerable estate, consisting of multiple parcels of real property, homes, barns, and

cash.

 On 2 February 2009, Sylvia executed the 2009 Will. According to its terms,

Sylvia “desired that her three children[, Colin, Marshelle, and Lexa,] use the assets

and property that they receive from her, in part, for the education and maintenance

of their children”; that her “three children . . . receive equal shares of certificates of

deposit, IRA accounts and stocks, mutual funds, cash, etc.”; that her “residuary estate

. . . be given to the three children . . . equally”; and that Marshelle and Colin would

serve as co-executors. Additionally, the 2009 Will devised certain homes and parcels

 -3-
 FINKS V. MIDDLETON

 Opinion of the Court

of real property among the three siblings. After executing the 2009 Will, Sylvia began

exhibiting noticeable signs of dementia.

 Shortly before January 2012, Colin urged Sylvia to revise her estate plan and

brought her to a law firm for that purpose. On 9 January 2012, Sylvia created the

Sylvia Middleton Revocable Trust, naming herself initial trustee and Colin successor

trustee. Additionally, Sylvia executed a new continuing power-of-attorney, naming

Colin attorney-in-fact and Colin’s wife, Davina, successor attorney-in-fact; a

healthcare power-of-attorney; and the 2012 Will, appointing Colin executor and

Davina successor executor.

 According to its terms, the 2012 Will revoked all prior wills; bequeathed all

tangible personal property to Sylvia’s residuary estate; and transferred all real and

personal property of her residuary estate to the Sylvia Middleton Revocable Trust.

Additionally, the 2012 Will directed that Sylvia’s “residuary estate . . . be added to

and administered as a part of the [Sylvia Middleton Revocable] Trust created . . . for

the benefit of my children, [Colin], [Marshelle], and [Lexa] . . . .”

 Over the next few months, several relevant events occurred. On 1 February

2012, Colin formed “Humphrey’s Ridge Resort, LLC,” a business entity naming Colin

as manager and member, and naming Davina, Sylvia, and the Sylvia Middleton

Revocable Trust as members. On 14 March 2012, Colin brought Sylvia back to a law

firm, where Sylvia executed four quitclaim deeds conveying six parcels of realty:

 -4-
 FINKS V. MIDDLETON

 Opinion of the Court

three parcels—134.48, 39.90, and 31.60 acres—were conveyed to Humphrey’s Ridge

Resort, LLC; two parcels—77.53 and 0.703 acres—were conveyed to Sylvia as initial

trustee of the Sylvia Middleton Revocable Trust; and one parcel—21.67 acres—was

conveyed to Colin individually. On 5 June 2012, Colin brought Sylvia to a different

law firm, where she executed two non-warranty deeds conveying two parcels of realty:

one for a parcel of 0.572 acres, conveying an interest of one-half to Marshelle and one-

half to Sylvia, as trustee of the Sylvia Middleton Revocable Trust; the other clarifying

a clerical error in recording one of the previous quitclaim deeds. On 10 December

2012, Colin brought Sylvia back to the first law firm, where she as trustee of the

Sylvia Middleton Revocable Trust executed a quitclaim deed conveying the 77.53-acre

parcel to Humphreys Ridge Resort, LLC. In addition to these conveyances, Marshelle

alleged that since January 2012, Colin “acquired numerous items of personal

property that . . . were beyond his apparent means, including . . . several cars and a

new boat.”

 In April 2013, Colin placed Sylvia into Countryside Manor Nursing Home

(“Countryside”). Sylvia’s treating doctor at Countryside informed Colin that Sylvia

had memory problems and needed to remain admitted due to her progressive

dementia. Although Colin never informed Marshelle, Marshelle learned about

Sylvia’s dementia and admission into Countryside from her cousin. On 18 September

2013, when Marshelle first visited Sylvia at Countryside, Sylvia stated that she could

 -5-
 FINKS V. MIDDLETON

 Opinion of the Court

not remember virtually anything that had occurred over the last three years, “and

did not know how she got to Countryside, who brought her there and why.” On

approximately 31 December 2013, Marshelle met with a Countryside doctor who

informed her that Sylvia had been taking “memory medication.” Sylvia subsequently

went “through a violent stage as a result of her advancing dementia” and then was

“removed to the memory unit at Spring Arbor in Greensboro in approximately May

of 2014.” During the summer of 2015, Colin moved his family “from his meager

mobile home located on Belews Creek Lake into the larger, more extravagant Belews

Creek lakefront residence owned by [Sylvia].” On 2 August 2015, Sylvia died. After

Sylvia’s death, Colin refused to discuss Sylvia’s estate with Marshelle or the creation

or terms of the Sylvia Middleton Revocable Trust to which Colin became successor

trustee.

 On 27 October 2015, Marshelle sued Colin, alleging causes of action for fraud,

constructive fraud, conversion, unjust enrichment, and punitive damages. Marshelle

alleged that Colin breached the fiduciary duty he owed to Sylvia through a series of

transactions unlawfully transferring Sylvia’s assets from her estate to Colin or to

entities within his control, which left nothing in her estate to be distributed upon her

death to her other children, contrary to Sylvia’s wishes according to the 2009 Will.

Marshelle asserted that the estate planning documents Sylvia executed on 9 January

2012 were invalid, including the 2012 Will, as was the creation of the Sylvia

 -6-
 FINKS V. MIDDLETON

 Opinion of the Court

Middleton Revocable Trust, based on Sylvia’s progressive cognitive decline due to

dementia and based on Colin’s undue influence. Specifically, Marshelle alleged that

by 9 January 2012, “the dementia suffered by [Sylvia] had progressed to the point . .

. that she was not . . . legally competent to execute documents of significant import to

the management and control of her assets for the remainder of her life, and/or to the

ultimate disposition of her assets upon her death.” Marshelle also challenged the

validity of Sylvia’s subsequent inter vivos conveyances of realty.

 On 4 January 2016, Colin filed an answer, denying the existence of the 2009

Will, admitting he was named a successor trustee of the Sylvia Middleton Revocable

Trust and a successor trustee of the “Sylvia Middleton Revocable Trust Agreement

Amended and Restated,” and filed motions to dismiss Marshelle’s action pursuant to

Rules 9, 12(b)(1), and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 16

February 2016, Colin filed a notice of hearing and renewed motions to dismiss.

Colin’s motions to dismiss were scheduled to be heard at the 22 February 2016 civil

session of the Rockingham County Superior Court.

 Shortly before Colin’s motions to dismiss were heard, Colin initiated an estate

proceeding, No. 16 E 110, and filed, inter alia, an application for probate of the 2012

Will, which showed an estate value of $0.00. That same day, an assistant clerk of

court issued a certificate of probate for the 2012 Will. Subsequently, during the

hearing on his motions to dismiss, Colin submitted the certification of probate to the

 -7-
 FINKS V. MIDDLETON

 Opinion of the Court

trial court for consideration. By written order entered on 15 March 2016, the trial

court denied Colin’s motions to dismiss under Rules 9, 12(b)(1), and 12(b)(6). Colin

appealed.

 After the appellate record was filed, Colin filed a motion to amend the record,

asserting that Marshelle had filed a caveat on 31 May 2016 seeking to invalidate the

2012 Will on grounds of lack of testamentary incapacity and undue influence 1 and

seeking to include in the record Marshelle’s “Estate Proceeding Summons and

Petition for Caveat” because they “are relevant and directly related to the issue of

[Marshelle’s] standing, which is at issue on appeal.” Simultaneously, Colin filed his

principal brief, which makes reference to the caveat proceeding and relies upon it in

making his substantial right and standing arguments. On 8 August 2016, this Court

denied Colin’s motion to amend the record on appeal to include Marshelle’s estate

proceedings summons and petition for caveat.

 II. Jurisdiction

 It is undisputed that Colin appeals from an interlocutory order. However,

Colin claims a right to appeal because, absent immediate review, he would be

1 Although we have denied Colin’s motion to amend the record on appeal to include Marshelle’s caveat
petition based upon his argument that the caveat proceedings “are relevant and directly related to the
issue of [Marshelle’s] standing, which is at issue on appeal,” we take judicial notice of Marshelle’s
caveat petition for the limited purpose of explaining context and determining the appealability of this
interlocutory order. See Whitmire v. Cooper, 153 N.C. App. 730, 735 n.4, 570 S.E.2d 908, 911 n.4 (2002)
(taking judicial notice of a related action between the parties and relying on that judicially noticed
action’s pendency in holding that the trial court properly dismissed the action on appeal), disc. review
denied, appeal dismissed, 356 N.C. 696, 579 S.E.2d 104 (2003).

 -8-
 FINKS V. MIDDLETON

 Opinion of the Court

deprived of his substantial right to avoid inconsistent verdicts in multiple trials, since

delay would permit Marshelle’s civil action and her separate caveat to proceed

simultaneously. Marshelle argues that Colin’s appeal should be dismissed as

interlocutory because his “argument regarding inconsistent verdicts and multiple

trials turns . . . on matters which are not part of the record before the Court” and

“references to extraneous material and arguments based upon materials that are not

part of the record on appeal must be disregarded by this Court.” Marshelle advances

no argument to dispute Colin’s claimed substantial right.

 “Generally, the denial of a party’s motion to dismiss is interlocutory, and thus

is not immediately appealable.” Strates Shows, Inc. v. Amusements of Am., Inc., 184

N.C. App. 455, 459, 646 S.E.2d 418, 422 (2007) (citation omitted). “However,

interlocutory orders are immediately appealable if delaying the appeal will

irreparably impair a substantial right of the party.” Newcomb v. Cnty. of Carteret,

183 N.C. App. 142, 145, 643 S.E.2d 669, 671 (2007) (citations and internal quotation

marks omitted). “A party’s right to avoid separate trials of the same factual issues

may constitute a substantial right.” Nello L. Teer Co. v. Jones Bros., Inc., 182 N.C.

App. 300, 303–04, 641 S.E.2d 832, 836 (2007) (citing Green v. Duke Power Co., 305

N.C. 603, 606, 290 S.E.2d 593, 595 (1982)).

 “Where a party is appealing an interlocutory order to avoid two trials, the party

must show that (1) the same factual issues would be present in both trials and (2) the

 -9-
 FINKS V. MIDDLETON

 Opinion of the Court

possibility of inconsistent verdicts on those issues exists.” Clements v. Clements, 219

N.C. App. 581, 585, 725 S.E.2d 373, 376 (2012) (citation and internal quotation marks

omitted). “Issues are the ‘same’ if the facts relevant to their resolution overlap in

such a way as to create a risk that separate litigation of those issues might result in

inconsistent verdicts.” Hamilton v. Mortg. Info. Servs., Inc., 212 N.C. App. 73, 79,

711 S.E.2d 185, 190 (2011) (citation omitted). “The extent to which an interlocutory

order affects a substantial right must be determined on a case-by-case basis.” Id. at

78, 711 S.E.2d at 189.

 Colin contends that because Marshelle in her caveat “seeks to set aside the

[2012] Will upon the same grounds alleged . . . in [her civil] action,” inconsistent

verdicts are possible since “the same factual issues are being litigated in two separate

proceedings between [Marshelle] and [Colin].”

 Here, Marshelle’s caveat seeks to invalidate the 2012 Will because Sylvia

lacked testamentary capacity and was unduly influenced by Colin to execute it. These

allegations raise issues as to whether Sylvia had the requisite mental capacity to

execute a will on 9 January 2012 and whether the execution of that will was procured

by Colin’s undue influence. Marshelle also requests that Colin produce Sylvia’s 2009

Will for probate. In Marshelle’s civil action, she alleges that, inter alia, as a result of

Colin’s allegedly fraudulent behavior and undue influence over Sylvia’s diminished

mental capacity, Sylvia revised her estate plan by executing certain estate planning

 - 10 -
 FINKS V. MIDDLETON

 Opinion of the Court

documents on 9 January 2012, including the 2012 Will, and that due to the extent of

Sylvia’s progressive dementia on that date, she was not legally competent to execute

estate planning documents. Marshelle’s civil action does not seek to set aside the

2012 Will because at that time the 2012 Will had not been probated. Rather, her civil

action was focused on whether Colin unlawfully caused Sylvia to substantially alter

her estate plan; improperly obtained possession of Sylvia’s assets during her lifetime;

converted over $25,000.00 of Sylvia’s real and personal property to his own use;

engaged in fraud by effectuating various transactions involving Sylvia for his own

benefit; and took advantage of Sylvia’s declining mental faculties to obtain property

to which he was not entitled.

 However, whether Sylvia lawfully executed the 2012 Will on 9 January 2012

implicates overlapping factual issues in Marshelle’s civil action because on that date

Sylvia executed other estate planning documents—including the continuing power-

of-attorney and creating the Sylvia Middleton Revocable Trust—the validity of which

are also challenged in Marshelle’s civil action against Colin. Additionally, since

Marshelle has alleged that Sylvia’s diminished mental faculties were the result of

progressive dementia, the progress of the disease on 9 January 2012 is relevant when

considering the validity of subsequent transactions transferring Sylvia’s real and

personal property to herself as trustee of the Sylvia Middleton Revocable Trust and

 - 11 -
 FINKS V. MIDDLETON

 Opinion of the Court

to Colin individually. Accordingly, we conclude that we have jurisdiction to entertain

Colin’s appeal.

 III. Analysis

 Colin contends the trial court erred by denying his motion to dismiss under

Rule 12(b)(1) of the North Carolina Rules of Civil Procedure for lack of subject matter

jurisdiction because Marshelle “lacks standing to challenge the will outside a caveat

proceeding.” At issue is whether the superior court lost jurisdiction and Marshelle

lost standing in the pending civil action because Colin probated the 2012 Will.

 “Standing concerns the trial court’s subject matter jurisdiction and is therefore

properly challenged by a Rule 12(b)(1) motion to dismiss.” Fuller v. Easley, 145 N.C.

App. 391, 395, 553 S.E.2d 43, 46 (2001) (citations omitted). “We review Rule 12(b)(1)

motions to dismiss for lack of subject matter jurisdiction de novo and may consider

matters outside the pleadings.” Harris v. Matthews, 361 N.C. 265, 271, 643 S.E.2d

566, 570 (2007).

 To have standing to bring an action, one must be a “real party in interest[.]”

N.C. Gen. Stat. § 1-57 (2015). “A real party in interest is . . . benefited or injured by

the judgment in the case . . . . [and] who by substantive law has the legal right to

enforce the claim in question.” Reliance Ins. Co. v. Walker, 33 N.C. App. 15, 18–19,

234 S.E.2d 206, 209 (1977) (citations omitted). Typically, the real party in interest in

cases of fraud and undue influence seeking to set aside conveyances of realty is the

 - 12 -
 FINKS V. MIDDLETON

 Opinion of the Court

person against whom the actions were taken. See Holt v. Holt, 232 N.C. 497, 501, 61

S.E.2d 448, 452 (1950). However, if the person against whom the actions were taken

dies but the cause of action still exists, “the right [to sue] passes to the heirs in case

of intestacy and to the devisees in case the grantor leaves a will.” Id. at 502, 61 S.E.2d

at 452 (internal citations omitted).

 “If a party does not have standing to bring a claim, a court has no subject

matter jurisdiction to hear the claim.” In re Will of McFayden, 179 N.C. App. 595,

600, 635 S.E.2d 65, 69 (2006) (emphasis added) (citation and internal quotation

marks omitted). However, “[s]tanding is determined at the time of the filing of a

complaint.” Metcalf v. Black Dog Realty, LLC, 200 N.C. App. 619, 625, 684 S.E.2d

709, 714 (2009); Simeon v. Hardin, 339 N.C. 358, 369, 451 S.E.2d 858, 866 (1994)

(“When standing is questioned, the proper inquiry is whether an actual controversy

existed ‘at the time the pleading requesting . . . relief is filed.” (citation omitted)).

Additionally, “it is the general rule that once jurisdiction attaches, ‘it will not be

ousted by subsequent events.’ ” Id. (quoting In re Peoples, 296 N.C. 109, 146, 250

S.E.2d 890, 911 (1978)).

 “Jurisdiction is not a light bulb which can be turned off or
 on during the course of the trial. Once a court acquires
 jurisdiction over an action it retains jurisdiction over that
 action throughout the proceeding. . . . If the converse of
 this were true, it would be within the power of the
 defendant to preserve or destroy jurisdiction of the court at
 his own whim.”

 - 13 -
 FINKS V. MIDDLETON

 Opinion of the Court

Quesinberry v. Quesinberry, 196 N.C. App. 118, 123, 674 S.E.2d 775, 778–79 (2009)

(quoting Peoples, 296 N.C. at 146, 250 S.E.2d at 911).

 Here, when Marshelle initiated her civil action against Colin, no script had

been admitted to probate as Sylvia’s will. Therefore, when Marshelle filed her

complaint, she had standing, either as an heir or devisee under the 2009 Will, to

challenge the conveyances of realty on Sylvia’s behalf; the subsequent probate of the

2012 Will did not retroactively extinguish that standing. Indeed, if we were to hold

otherwise, Colin would be wielding the “power . . . to preserve or destroy jurisdiction

of the court at his own whim.” Peoples, 296 N.C. at 146, 250 S.E.2d at 911.

Furthermore, even after the 2012 Will was probated, Marshelle had standing as a

named beneficiary under its terms. See Holt, 232 N.C. at 502, 61 S.E.2d at 452

(citations omitted). Therefore, we overrule Colin’s challenge as to this issue.

 Colin also argues that Marshelle lacks standing because “all issues raised in

[her civil action] are governed by [her] caveat petition” and cites to Mileski v.

McConville, 199 N.C. App. 267, 273, 681 S.E.2d 515, 520 (2009) (“Plaintiff’s essential

claim—that defendants’ undue influence procured the will submitted to the Clerk of

Court and procured the transfer of assets—can be properly determined through a

caveat proceeding.”), to support his position. Mileski is readily distinguishable. In

Mileski, the plaintiff filed his civil action after the contested will was probated, unlike

Marshelle who filed hers before. 199 N.C. App. at 268−69, 681 S.E.2d at 517. Neither

 - 14 -
 FINKS V. MIDDLETON

 Opinion of the Court

party has pointed to an instance in our case law where a plaintiff filed a civil action

implicating the validity of a will before that will was probated and our research has

disclosed none. Additionally, the Mileski Court’s holding implies that it determined

the caveat proceeding provided the plaintiff in that case with a complete and

adequate remedy. Id. at 273, 681 S.E.2d at 520.

 However, our case law recognizes that “the purpose of a caveat proceeding is

limited and . . . where adequate remedy cannot be obtained in a caveat proceeding,

the plaintiff is entitled to proceed with a tort claim.” Wilder v. Hill, 175 N.C. App.

769, 772, 625 S.E.2d 572, 575 (2006) (citing Murrow v. Henson, 172 N.C. App. 792,

800, 616 S.E.2d 664, 669 (2005) (“[T]he inadequacy of relief in a caveat proceeding

entitles a plaintiff to proceed with his or her tort claim.”)). “[T]he question is whether

a caveat proceeding was available and, if so, whether such a proceeding would provide

an adequate remedy to plaintiffs.” Murrow, 172 N.C. App. at 800, 616 S.E.2d at 669.

 Here, no caveat proceeding was available when Marshelle filed her civil action.

Additionally, such a caveat proceeding would provide inadequate relief, since a

judgment setting aside the 2012 Will or probating the 2009 Will would neither set

aside the Sylvia Middleton Revocable Trust nor Sylvia’s inter vivos conveyances of

realty to which Marshelle claims entitlement. Therefore, we conclude, “the

inadequacy of relief in [the] caveat proceeding entitles [Marshelle] to proceed with . .

 - 15 -
 FINKS V. MIDDLETON

 Opinion of the Court

. her tort claim.” Id. Accordingly, we affirm the trial court’s denial of Colin’s motion

to dismiss under Rule 12(b)(1).

 In light of our determination that Marshelle had standing to assert the claims

in her civil action, Colin’s remaining Rule 9 and 12(b)(6) arguments, which hinge

upon the invalid premise that Marshelle lacked standing, are meritless. We have

considered each of Marshelle’s civil action claims through the lens that Marshelle has

standing and conclude that the trial court properly denied Colin’s motions to dismiss

under Rules (9) for failure to plead with sufficient particularity and 12(b)(6) for failure

to state a claim.

 However, given the facts of this case, because allegations in Marshelle’s civil

action raise issues as to the validity of certain estate planning documents allegedly

executed on 9 January 2012, we believe the proper course would be for the superior

court to hold caveat proceedings in abeyance until Marshelle’s civil action claims are

resolved. See Baldelli v. Baldelli, __ N.C. App. __, __, 791 S.E.2d 687 (2016) (reversing

a superior court’s dismissal of the plaintiff’s claims under the prior pending action

doctrine on the basis that a related equitable distribution action was pending in

district court and remanding the case to the superior court with instructions to hold

the plaintiff’s claims in abeyance until resolution of the district court action).

 In Baldelli, the plaintiff and defendant, who incorporated multiple business

entities during their marriage, were involved in an equitable distribution action in

 - 16 -
 FINKS V. MIDDLETON

 Opinion of the Court

district court when the plaintiff filed a subsequent civil action in superior court

alleging, inter alia, breach of fiduciary duty. __ N.C. App. at __, 791 S.E.2d at 687.

The superior court dismissed plaintiff’s claim for lack of subject matter jurisdiction

on the basis that the prior pending action doctrine established jurisdiction in the

district court and divested the superior court of jurisdiction. Id. at __, 791 S.E.2d at

690.

 On appeal, we reversed the superior court’s dismissal of the plaintiff’s claims

under the prior pending action doctrine because the plaintiff, in her district court

action, would be unable to recover the relief she requested in her superior court

action. Id. However, we observed that the plaintiff’s district court and superior court

actions raised issues so interrelated it would not be in the interest of judicial economy

or clarity for both actions to proceed simultaneously. Id. Therefore, we remanded

the case to the superior court with instructions to hold the plaintiff’s civil action

claims in abeyance until the equitable distribution action in district court was

resolved. Id. at __, 791 S.E.2d at 691. We explained:

 However, because the parties and subject matter of
 Plaintiffs’ breach of fiduciary duty claim are closely
 related—when not identical—to the parties and the subject
 matter to be decided in a portion of the district court action,
 and because there is a clear interrelationship between the
 issues in both actions, we do not believe it is in the interest
 of judicial economy or clarity for both of these actions to
 proceed simultaneously. To allow both actions to proceed
 concurrently would be to invite conflict between the
 resolution of interrelated issues in the two actions.

 - 17 -
 FINKS V. MIDDLETON

 Opinion of the Court

Id. at __, 791 S.E.2d at 690. We believe this same reasoning should apply here.

 Here, Marshelle alleges, inter alia, fraud and constructive fraud against Colin

for which she claims damages in excess of $25,000.00. If Marshelle prevails on her

civil action claim, she will set aside certain inter vivos conveyances of realty that may

be returned to Sylvia’s estate for distribution. Accordingly, under Baldelli, we believe

Marshelle’s civil action should be resolved prior to the determination of the caveat

proceeding. As in Baldelli, the parties and the subject matter to be decided in the

caveat proceeding may be closely related, if not identical, to the parties and the

subject matter to be decided in a portion of Marshelle’s civil action. “[B]ecause there

is a clear interrelationship between the issues in both actions, we do not believe it is

in the interest of judicial economy or clarity for both of these actions to proceed

simultaneously.” Id.

 Thus, we believe it is appropriate for the superior court to hold any caveat to

the 2012 Will in abeyance until resolution of Marshelle’s civil action. Accordingly, we

affirm the superior court’s denial of Colin’s Rule 12(b)(1), (b)(6), and (9) motions to

dismiss but remand with instructions to hold any caveat proceeding in abeyance until

resolution of the civil action.

 IV. Conclusion

 Although interlocutory, the trial court’s order denying Colin’s multiple motions

to dismiss affected his substantial right to avoid inconsistent verdicts in multiple

 - 18 -
 FINKS V. MIDDLETON

 Opinion of the Court

trials. We hold that the trial court properly denied Colin’s motions to dismiss under

Rules 12(b)(1), (b)(6), and 9 because Marshelle had standing to assert the claims in

her civil action and retained standing even after Sylvia’s 2012 Will was probated.

Although the 2012 Will was probated after Marshelle’s civil action was initiated, since

a caveat proceeding would not provide her with an adequate remedy, she is entitled

to proceed in her civil action. Since issues raised in Marshelle’s civil action may be

inextricably entwined with issues raised in a separate caveat proceeding, we remand

with instructions to hold any pending caveat in abeyance until resolution of

Marshelle’s civil action.

 AFFIRMED AND REMANDED.

 Judge STEPHENS concurs.

 Judge DIETZ concurs by separate opinion.

 - 19 -
No. COA16-630 – Finks v. Middleton

 DIETZ, Judge, concurring.

 I concur in the judgment in this case but would have dismissed the appeal for

lack of jurisdiction because the appellant failed to establish that the denial of the

motion to dismiss affected a substantial right. See Jeffreys v. Raleigh Oaks Joint

Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).